DOUGLAS W. SAMSKI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Samski v. Commissioner
Docket No. 31389-83.
United States Tax Court
T.C. Memo 1986-366; 1986 Tax Ct. Memo LEXIS 239; 52 T.C.M. (CCH) 156; T.C.M. (RIA) 86366; August 11, 1986. Douglas W. Samski, pro se. William E. Bonano, for the respondent. WRIGHT
MEMORANDUM FINDINGS OF FACT AND OPINION WRIGHT, Judge: Respondent determined deficiencies and additions to tax due from petitioner for the years 1980 and 1981 as follows: Additions to Tax
Year
Deficiency
Sec. 6653(b) [1]
Sec. 6654 [2]
1980
$3,850
$1,925
$54
1981
4,687
2,344
308
After concessions, the issues *240 for decision are: (1) whether there are deficiencies in petitioner's income tax in the amounts determined by respondent for the years 1980 and 1981; (2) whether petitioner is liable for additions to tax under section 6653(b) for taxable years 1980 and 1981; (3) whether petitioner is liable for an addition to tax under section 6654 for 1981; and (4) whether petitioner is liable for damages under section 6673. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. When the petition in this case was filed petitioner resided in Modesto, California. Petitioner was a civil engineering technician employed by the City of Modesto during the years here in issue. Petitioner graduated from high school and completed 2 1/2 years *241 of college. He has continued his education by taking one course per year in night school. Petitioner filed Federal income tax returns reporting various amounts of wage income for the years 1976, 1977, 1978, and 1979. Petitioner had income from wages for the years 1980 and 1981 in the amounts of $19,941.95 and $22,679.56, respectively. He received Forms W-2 from his employer reflecting those amounts. Petitioner also received interest income in the amount of $96 in 1980 and $58 in 1981. Petitioner is entitled to itemized deductions for the years 1980 and 1981 in the amounts of $3,583 and $3,526, respectively, after allowance for the zero bracket amount. Petitioner submitted Forms 1040 for the years 1980 and 1981. These forms contained no information from which his taxable income could be determined. The phrases "Object Self-incrimination" or the word "None" appeared opposite each line item, except that the Form 1040 filed by petitioner for 1980 reflected the amount of Federal income tax withheld by his employer. Petitioner was advised by letters dated June 5, 1981, and July 6, 1982, that the Forms 1040 he submitted for 1980 and 1981 were not acceptable as Federal income tax *242 returns. On July 7, 1981, petitioner wrote to the Director of the Internal Revenue Service Center at Fresno, California. In his letter, petitioner stated that the Fifth Amendment of the United States Constitution gave him the right to refuse to provide the information requested on his Federal income tax return. On May 12, 1976, April 10, 1980, and April 28, 1980, petitioner executed and filed with his employer Forms W-4 ("Employees Withholding Allowance Certificate"). On the Form W-4 filed May 12, 1976, petitioner claimed 6 withholding allowances. On the Form W-4 filed April 10, 1980, petitioner claimed 3 withholding allowances. On the Form W-4 filed April 28, 1980, petitioner claimed 4 withholding allowances. Each of these forms reflected the proper number of allowances based on petitioner's marital status and number of dependents at the time the form was filed. On February 25, 1981, petitioner executed a Form W-4 and filed a Form W-4 with his employer on which he claimed to be exempt from Federal income tax withholding because he did not owe any Federal income tax in 1980 and did not expect to owe any Federal income tax in 1981. Above the signature line on the Forms W-4 *243 filed by petitioner the following statement appears: "Under the penalties of perjury, I certify that I am entitled to the number of withholding allowances claimed on this certificate, or if claiming exemption from withholding, that I am entitled to claim the exempt status." In a notice of deficiency dated August 16, 1983, respondent determined deficiencies in petitioner's Federal income tax for 1980 and 1981, and additions to tax thereon under section 6653(b) and section 6654. Mr. Samski filed his petition in this Court on November 7, 1983. In his petition, petitioner stated that the determination of the deficiency and the additions to tax were arbitrarily determined and that this was done solely because petitioner claimed his constitutional rights. OPINION The first issue for consideration is whether there is a deficiency in income tax due from petitioner for taxable years 1980 and 1981. The parties have stipulated as to the amount of wage and interest income received by petitioner during those years, and to the amount of excess itemized deductions to which petitioner is entitled. Respondent's determination of the deficiencies is presumptively correct. Welch v. Helvering,290 U.S. 111 (1933); *244 Rule 142(a). In his Memorandum of Law, petitioner abandons 6 of the 7 arguments he had raised in contesting the deficiencies determined by respondent, including his claims that the notice of deficiency was issued without due process; that under the Fifth Amendment he had a right to object to the questions on the Forms 1040; that the Admiralty-Maritime Court, rather than the Tax Court, has jurisdiction to hear this case; that wages do not constitute taxable income; that the income tax must be apportioned and cannot be applied against petitioner; and that supplying the information required on the Forms 1040 would require petitioner to waive his rights under the Fourth Amendment. Petitioner stipulated that he received wage and interest income for the years in issue, but contends that such income is not taxable. The only argument offered by petitioner in support of his claim that respondent's determinations are incorrect is that the Sixteenth Amendment to the United States Constitution was never ratified by the requisite number of state legislatures. This argument is wholly without merit. United States v. Stahl,792 F.2d 1438 (9th Cir. 1986); Coleman v. Commissioner,791 F.2d 68 (7th Cir. 1986). *245 Petitioner has offered no evidence other than the Sixteenth Amendment argument to overcome the presumption of correctness in the notice of deficiency. Accordingly, we sustain respondent's determination with respect to the deficiencies determined by respondent for taxable years 1980 and 1981. The second issue for consideration is whether petitioner is liable for additional to tax under section 6654 for taxable year 1981. Section 6654 provides for an addition to tax for underpayments of estimated tax. Respondent has conceded the addition to tax under section 6654 for taxable year 1980. Again, respondent's determination is presumptively correct. Welch v. Helvering,supra; Rule 142(a). Petitioner has offered no evidence on this issue. Therefore, we hold that petitioner is liable for the addition to tax under section 6654 for taxable year 1981. The third issue for consideration is whether petitioner is liable for additions to tax under section 6653(b) for the taxable years at issue herein. Section 6653(b) provides that if any part of an underpayment of tax is due to fraud, there shall be added to that tax an amount equal to 50 percent of the underpayment. *246 Respondent has the burden of proving, by clear and convincing evidence, that there is an underpayment of tax due from petitioner and that some part of the underpayment for each year in issue was due to fraud. Sec. 7454(a); Rule 142(b); Stone v. Commissioner,56 T.C. 213, 220 (1971). The fraud envisioned by section 6653(b) is actual, intentional wrongdoing, and the intent required is the specific intent to evade a tax believed to be owing. Wilson v. Commissioner,76 T.C. 623, 634 (1981). The existence of fraud is a question of fact to be resolved upon consideration of the entire record. Gajewski v. Commissioner,67 T.C. 181, 199 (1976), affd. without published opinion 578 F.2d 1383 (8th Cir. 1978); Otsuki v. Commissioner,53 T.C. 96, 105-106 (1969).Fraud is never presumed, but rather must be established by affirmative evidence. Beaver v. Commissioner,55 T.C. 85, 92 (1970). Direct proof of the taxpayer's intent is rarely available; therefore, fraud may be proved by circumstantial evidence. Spies v. United States,317 U.S. 492 (1943); Rowlee v. Commissioner,80 T.C. 1111, 1123 (1983). *247 The taxpayer's entire course of conduct may establish the requisite fraudulent intent. Stone v. Commissioner,supra at 213, 223-224; Otsuki v. Commissioner,supra.
The Forms 1040 filed by petitioner in 1980 and 1981 contained no information from which his income and his tax liability could be determined. Such forms do not constitute income tax returns within the requirements imposed by the Internal Revenue Code. United States v. Porth,426 F.2d 519 (10th Cir. 1970), cert. denied 400 U.S. 824 (1970); Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982); United States v. Daly,481 F.2d 28 (8th Cir. 1973), cert. denied 414 U.S. 1064 (1973). Petitioner, therefore, failed to file returns for the years in issue. We have held that for purposes of the fraud addition to tax under section 6653(b), the failure to file a return, standing alone, is not sufficient.Kotmair v. Commissioner, 86 T.C.     (June 19, 1986). However, the failure to file a return, together with the submission of false Forms W-4 is sufficient to establish fraud under section 6653(b). Rowlee v. Commissioner,supra; *248 see also Stephenson v. Commissioner,79 T.C. 995, 1007 (1982), affd. 748 F.2d 331 (6th Cir. 1984); Habersham-Bey v. Commissioner,78 T.C. 304, 313-314 (1982). In the instant case, petitioner had filed several proper income tax returns as well as Forms W-4 prior to the taxable years in issue. For taxable year 1980, petitioner failed to file a return. However, he engaged in to other activity which could be considered as evidence of a specific intent to evade a tax believed to be owing. In 1981, however, the filed a false Form W-4 in addition to his failure to file a return. The filing of a false Form W-4, under penalty of perjury, together with the failure to file a return constitutes clear and convincing evidence of fraud under section 6653(b). Therefore, we hold that petitioner is not liable for the addition to tax under section 6653(b) for taxable year 1980, and that petitioner is liable for the addition to tax under section 6653(b) for taxable year 1981. The final issue for decision is whether petitioner is liable for damages under section 6673. [3] Based on the entire record in this case, we decline to award damages under *249 section 6673. To reflect concessions of the parties and the foregoing, Decision will be entered under Rule 155.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the years here in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Respondent has conceded that petitioner is not liable for the addition to tax under section 6654 for taxable year 1980.↩
3. Section 6673 provides: Whenever it appears to the Tax Court that proceedings before it have been instituted or maintained by the taxpayer primarily for delay or that the taxpayer's position in such proceedings is frivolous or groundless, damages in an amount not in excess of $5,000.00 shall be awarded to the United States by the Tax Court in its decision. Damages so awarded shall be assessed at the same time as the deficiency and shall be paid upon notice and demand from the Secretary and shall be collected as part of the tax.↩