**UNITED STATES ex rel. WIDENMANN v. COLBY, Secretary of State.**

(Court of Appeals of District of Columbia. Submitted April 6, 1920. Decided May 3, 1920.)

No. 3343.

1. **Constitutional law ⬤⟳10—Secretary of State cannot investigate truth of notice of ratification of amendment.**

Under Rev. St. § 205 (Comp. St. § 303), the Secretary of State is required to issue his proclamation of an amendment to the Constitution of the United States on receipt of notice from the required number of states of ratification of the amendment, and he has no discretion to determine the truth of the facts stated in the notice from the states.

2. **Mandamus ⬤⟳16(1)—Fact of ratification of amendment, and not proclamation, governs, so mandamus denied as ineffectual.**

Under Const. art. 5, it is the approval of the requisite number of states that gives validity to a constitutional amendment, not the proclamation of ratification issued by the Secretary of State; so that a citizen has no interest entitling him to mandamus to compel revocation of the proclamation of the adoption of the Eighteenth Amendment.

Appeal from the Supreme Court of the District of Columbia.

Petition by the United States, on the relation of Robert A. Widenmann, for writ of mandamus against Robert Lansing, as Secretary of State of the United States. Rule denied, and petition dismissed, and

relator appeals. Pending the appeal, Bainbridge Colby succeeded to the office of Secretary of State, and the case was revived against him. Affirmed.

Richard S. Harvey and H. R. Webb, both of Washington, D. C., and Everett V. Abbott, of New York City (George W. Tucker and Benjamin Tuska, of New York City, on the brief), for appellant.

Wm. L. Frierson, Asst. Atty. Gen., for appellee.

SMYTH, Chief Justice. Widenmann filed his petition in the Supreme Court of the District against Robert Lansing, as Secretary of State, and asked for a rule upon him to show cause why a writ of mandamus should not issue commanding him, as Secretary of State, to cancel the proclamation and certificate theretofore issued by Frank L. Polk, as Acting Secretary of State, in pursuance of section 205 of the Revised Statutes of the United States (Comp. St. § 303), to the effect that the proposed Eighteenth Amendment to the Constitution of the United States had "become valid, to all intents and purposes, as a part of the Constitution of the United States." The rule was denied, and the petition dismissed. Widenmann appealed. Since that Mr. Lansing resigned, and the case has been revived in the name of Mr. Secretary Colby.

The assumption of the petitioner is that the Eighteenth Amendment was not validly adopted, and therefore that the proclamation which he asks to have canceled should not have been issued. He endeavors to support his contention by varying arguments, but we do not think it necessary to notice any of them, since the case must be disposed of on a ground that has no relation to the validity of the amendment.

[1] Section 205 of the Revised Statutes of the United States reads:

"Whenever official notice is received at the Department of State that any amendment proposed to the Constitution of the United States has been adopted according to the provisions of the Constitution, the Secretary of State shall forthwith cause the amendment to be published in the newspapers authorized to promulgate the laws, with his certificate, specifying the States by which the same may have been adopted, and that the same has become valid, to all intents and purposes, as a part of the Constitution of the United States."

It will be observed that by this section is was the duty of the Acting Secretary of State, upon receiving official notice from three-fourths of the several states (Constitution, art. 5) that the proposed amendment had been adopted, to issue his proclamation. He was not required, or authorized, to investigate and determine whether or not the notices stated the truth. To accept them as doing so, if in due form, was his duty. As soon as he had received the notices from 36 of the states that the amendment had been adopted, he was obliged, under the statute, to put forth his proclamation. No discretion was lodged in him. The act required was purely ministerial. Now, there is no allegation in the petition of Widenmann that the Acting Secretary of State did not receive official notice from the requisite number of states, nor does the petitioner in argument claim that he did not. In fact, as we understand it, he admits that he did. His insistence is that the officials of the several states should not have issued the notices; but, as we have said,

the Acting Secretary had no authority to examine into that matter, to look behind the notices. From these considerations it follows that the Acting Secretary, instead of failing to perform a duty imposed upon him by statute, the performance of which should be coerced by mandamus, performed a duty enjoined upon him by statute in issuing the proclamation in question. Under those circumstances there is no basis for the relief sought by the petitioner. Supervisors v. United States, 18 Wall. 71, 77, 21 L. Ed. 803; United States v. County of Macon, 99 U. S. 582, 591, 25 L. Ed. 331; Ex parte Rowland, 104 U. S. 604, 612, 26 L. Ed. 861; United States ex rel. International Contracting Co. v. Lamont, 155 U. S. 303, 308, 15 Sup. Ct. 97, 39 L. Ed. 160.

[2] Moreover, even if the proclamation was canceled by order of this court, it would not affect the validity of the amendment. Its validity does not depend in any wise upon the proclamation. It is the approval of the requisite number of states, not the proclamation, that gives vitality to the amendment and makes it a part of the supreme law of the land. Article 5 of the Constitution says the proposed amendment "shall be valid to all intents and purposes, as part of this Constitution, when ratified by the Legislatures of three-fourths of the several states, or by conventions in three-fourths thereof, as the one or the other mode of ratification may be proposed by the Congress." The petitioner has no interest in the prayer of his petition, because, if granted, it would avail him nothing.

Perceiving no error in the action of the trial court, we affirm the judgment with costs.

Affirmed.