Robert L. Zimmerman, Asst. U.S. Atty., Billings, Mont., for plaintiff-appellee.

Gerald P. La Fountain, La Fountain, Bearcane & La Fountain, Laura Lee, Billings, Mont., and Lowell H. Becraft, Jr., Huntsville, Ala., for defendant-appellant.

**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Leland G. STAHL, Defendant-Appellant.**

**No. 85–3069.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 12, 1986.

Decided June 30, 1986.

Before WALLACE and THOMPSON, Circuit Judges, and STEPHENS, Senior District Judge *

THOMPSON, Circuit Judge:

Leland G. Stahl appeals from his jury trial conviction of one count of making a false statement on his income tax return, and of three counts of failing to file income tax returns, in violation of 26 U.S.C. §§ 7206(1) and 7203. Stahl contends that the district court erred by denying his pre-

---

* Honorable Albert Lee Stephens, Jr., Senior United States District Judge for the Central District of California, sitting by designation.

trial motion to dismiss the indictment. Stahl based his motion to dismiss on the ground that the sixteenth amendment to the United States Constitution was never properly ratified, fraud was committed in the ratification process, and the amendment is therefore void. We reject Stahl's contentions and affirm.

Stahl argues that the sixteenth amendment was never ratified by the requisite number of states because of clerical errors in the ratifying resolutions of the various state legislatures and other errors in the ratification process.[1] He further argues that Secretary of State Knox committed fraud by certifying the adoption of the amendment despite these alleged errors. Secretary of State Knox certified that the sixteenth amendment had been ratified by the legislatures of thirty-eight states, two more than the thirty-six then required for ratification. His certification of the adoption of the amendment was made pursuant to Section 205 of the Revised Statutes of the United States which provided:

> Whenever official notice is received at the Department of State that any amendment proposed to the Constitution of the United States has been adopted, according to the provisions of the Constitution, the Secretary of State shall forthwith cause the amendment to be published in the newspapers authorized to promulgate the laws, with his certificate, specifying the States by which the same may have been adopted, and that the same has become valid, to all intents and purposes, as a part of the Constitution of the United States.

Act of April 20, 1818, ch. 80, § 2, Rev.Stat. § 205 (2d ed. 1878) (amended version codi-

fied at 5 U.S.C. § 160 (1940) (repealed Oct. 31, 1951); current version, as amended, at 1 U.S.C. § 106b (Supp. II 1984) ).

Secretary of State Knox's certification of the adoption of the sixteenth amendment is conclusive upon the courts. *United States v. Thomas,* 788 F.2d 1250, 1253–54 (7th Cir.1986); *see also Leser v. Garnett,* 258 U.S. 130, 137, 42 S.Ct. 217, 218, 66 L.Ed. 505 (1922). In *Leser* suit was brought to strike the names of two women from the list of qualified voters in Maryland on the ground that the constitution of Maryland limited suffrage to men. Maryland had refused to ratify the Nineteenth Amendment. The necessary minimum of thirty-six states had ratified the amendment. The Secretary of State of the United States had certified its adoption. It was contended, however, that the ratifying resolutions of Tennessee and West Virginia, two of the states that had ratified the amendment, were inoperative because the resolutions of those states had been adopted in violation of their rules of legislative procedure. In answer to that contention the Court ruled:

> The proclamation by the Secretary certified that from official documents on file in the Department of State it appeared that the proposed Amendment was ratified by the legislatures of thirty-six States, and that it "has become valid to all intents and purposes as a part of the Constitution of the United States." As the legislatures of Tennessee and of West Virginia had power to adopt the resolutions of ratification, official notice to the Secretary, duly authenticated, that they had done so was conclusive upon him, and, being certified to by his proclamation, is conclusive upon the courts. *Id.* at 137, 42 S.Ct. at 218.

---

1. Stahl directs the court's attention to the certified copies of the resolutions passed by the legislatures of the several states that ratified the sixteenth amendment. Only four of these resolutions quoted the language of the amendment with absolute accuracy. Thirty-three resolutions contained punctuation, capitalization, or wording errors. Minnesota did not send a copy of the resolution passed by its legislature to the Secretary of State. The secretary of the Governor merely informed the State Department that the legislature had ratified the proposed amend-

ment. Stahl alleges that Kentucky's legislature never passed the proposed amendment. Stahl also alleges discrepancies in the resolution signatures of South Dakota and Washington, and other procedural errors for California (no record of the vote in either house), Ohio (not a state at the time), North Dakota (ratification in the form of a bill, not a resolution), Arkansas (ratification occurred after previous rejection), and Arizona.

Stahl attempts to distinguish *Leser* on the ground that *Leser* did not involve a claim of fraud in the ratification process. If Stahl's challenge to the validity of the ratification process of the sixteenth amendment is a nonjusticiable, political question, however, that contention is irrelevant.

In *Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962), the Court set out a list of "formulations" which may identify the existence of a political question in a given case:

> It is apparent that several formulations which vary slightly according to the settings in which the questions arise may describe a political question, although each has one or more elements which identify it as essentially a function of the separation of powers. Prominent on the surface of any case held to involve a political question is found a textually demonstrable constitutional commitment of the issue to a coordinate political department; or a lack of judicially discoverable and manageable standards for resolving it; or the impossibility of deciding without an initial policy determination of a kind clearly for nonjudicial discretion; or the impossibility of a court's undertaking independent resolution without expressing lack of the respect due coordinate branches of government; or an unusual need for unquestioning adherence to a political decision already made; or the potentiality of embarrassment from multifarious pronouncements by various departments on one question.

*Id.* at 217, 82 S.Ct. at 710.

Stahl's claim that ratification of the sixteenth amendment was fraudulently certified constitutes a political question because we could not undertake independent resolution of this issue "without expressing lack of the respect due coordinate branches of government." *Id.* In *Field v. Clark*, 143 U.S. 649, 12 S.Ct. 495, 36 L.Ed. 294 (1892), the Court encountered a claim that a bill had not in fact been passed by Congress. The Court held that when a bill has been signed by the Speaker of the House and by the President of the Senate and has received the President's approval, "its authentication as a bill that has passed Congress should be deemed complete and unimpeachable.... The respect due to coequal and independent departments requires the judicial department ... to accept, as having passed Congress, all bills authenticated in the manner stated." *Id.* at 672, 12 S.Ct. at 497. Significantly, the Court noted the possibility that the Speaker of the House and the President of the Senate could fraudulently impose on the people a bill that was never passed by Congress. But "[j]udicial action based upon such a suggestion is forbidden by the respect due to a coordinate branch of the government." *Id.* at 673, 12 S.Ct. at 498.

In *Leser*, the Court, confronting the claim that ratifying resolutions of two states were inoperative, extended the rule declared in *Field* to the Secretary of State's authentication that a constitutional amendment had been duly ratified. 258 U.S. at 137, 42 S.Ct. at 218. *Baker* indicates that the application of the political question doctrine in *Leser* was demanded by the respect due coordinate branches. *Baker*, 369 U.S. at 214, 82 S.Ct. at 708–09.

Stahl's claim falls plainly within the confines of *Leser* and *Field*. Stahl's claim rests on an assertion that the ratifying resolutions of many states were inoperative. Since the Secretary of State proclaimed that the sixteenth amendment had been duly ratified, this assertion presents a political question under *Leser*. Stahl's suggestion of fraud on the part of the Secretary does not render the question justiciable, for "[j]udicial action based upon such a suggestion is forbidden by the respect due to a coordinate branch of the government." *Field*, 143 U.S. at 673, 12 S.Ct. at 498. Moreover, in *Baker*, the Court in discussing judicial review of the ratification process characterized the political question doctrine as "a tool for maintenance of governmental order." *Baker*, 369 U.S. at 215, 82 S.Ct. at 709. Consideration of Stahl's contention, 73 years after certification of the amendment's adoption and after count-

less judicial applications, would promote only disorder. *See United States v. Foster*, 789 F.2d 457, 462–63 (7th Cir.1986).

We conclude that the Secretary of State's certification under authority of Congress that the sixteenth amendment has been ratified by the requisite number of states and has become part of the Constitution is conclusive upon the courts.[2]

AFFIRMED.

**2.** Stahl relies on two district court cases, *Dyer v. Blair*, 390 F.Supp. 1291 (N.D.Ill.1975) (three-judge court), and *Idaho v. Freeman*, 529 F.Supp. 1107 (D. Idaho 1981), *vacated as moot mem.*, 459 U.S. 809, 103 S.Ct. 22, 74 L.Ed.2d 39 (1982), for the proposition that the matters he seeks to adjudicate are not barred by the political question doctrine. Neither case is binding on this court, nor do we find them persuasive under the facts of this case.