**UNITED STATES of America**

v.

**George S. SITKA.**

**Crim. No. H–87–10 (MJB).**

United States District Court, D. Connecticut.

July 27, 1987.

# 20

Stanley A. Twardy, Jr., U.S. Atty., Barbara A. Bailey and Eliot R. Warren, Asst. U.S. Attys., New Haven, Conn., for plaintiff.

Ronald L. Lepine, West Hartford, Conn., Lowell H. Becraft, Jr., Huntsville, Ala., for defendant.

## RULING ON MOTIONS TO DISMISS

BLUMENFELD, Senior District Judge.

Defendant George Sitka was indicted on various counts of failure to file income tax returns, failure to disclose income to Social Security administrators, and conversion of property of the United States. In two different motions he seeks to have some or all of the counts against him dismissed on the grounds that the sixteenth and seventeenth amendments were never properly ratified.[1] In briefs supporting these motions, Sitka does not dispute that the Secretary of State, pursuant to the statute in effect at the time, certified that these amendments were ratified by the requisite number of states. He argues nevertheless that this court should go behind the certifications of the Secretary of State and re-examine the basis for them. He asserts that reexamination will demonstrate that the amendments were not properly ratified and, as a result, are void.

### Discussion

### I. Previous Case Law

The arguments raised in defendant's motions have been previously rejected by other courts. The certification by the Secretary of State is binding upon the courts. In the words of Judge Easterbrook:

---

1. The sixteenth amendment gives Congress the "power to lay and collect taxes on incomes." U.S. Const. amend. XVI. The seventeenth amendment provides that Senators to the United States Senate be "elected by the people" of the state the Senator represents. *U.S. Const.* amend XVII.

If a legislative document is authenticated in regular form by the appropriate officials, the court treats that document as properly adopted. *Field v. Clark,* 143 U.S. 649, 12 S.Ct. 495, 36 L.Ed. 294 (1892). The principle is equally applicable to constitutional amendments. See *Leser v. Garnett,* 258 U.S. 130, 42 S.Ct. 217, 66 L.Ed. 505 (1922), which treats as conclusive the declaration of the Secretary of State that the nineteenth amendment had been adopted.... Secretary Knox declared that enough states had ratified the sixteenth amendment. The Secretary's decision is not transparently defective. We need not decide when, if ever, such a decision may be reviewed in order to know that Secretary Knox's decision is now beyond review.

*United States v. Thomas,* 788 F.2d 1250, 1253–54 (7th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 187, 93 L.Ed.2d 121 (1986); *see also United States v. Stahl,* 792 F.2d 1438, 1439 (9th Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 888, 93 L.Ed.2d 840 (1987). Defendant's claim that the amendments were fraudulently certified does not allow the court to adjudicate an otherwise nonjusticiable issue. The Ninth Circuit analyzed the situation in the following manner:

> Since the Secretary of State proclaimed that the sixteenth amendment had been duly ratified, this assertion [that the ratifying resolutions of many states were inoperative] presents a political question under *Leser.* Stahl's suggestion of fraud on the part of the Secretary does not render the question justiciable for "[j]udicial action based upon such a suggestion is forbidden by the respect due to a coordinate branch of the government." *Field,* 143 U.S. at 673, 12 S.Ct. at 498. Moreover, in *Baker* [*v. Carr,* 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962)], the Court in discussing judicial review of the ratification process characterized the political question doctrine as "a tool for maintenance of governmental order." *Baker,* 369 U.S. at 215, 82 S.Ct. 709. Consideration of Stahl's contention, 73 years after certification of the amendment's adoption and after countless judi-

cial applications, would promote only disorder. *See United States v. Foster,* 789 F.2d 457, 462–63 (7th Cir.1986).

> We conclude that the Secretary of State's certification under authority of Congress that the sixteenth amendment has been ratified by the requisite number of states and has become part of the Constitution is conclusive upon the courts.

*Stahl,* 792 F.2d at 1440–41.

■ The court is inclined to follow this authority. Defendant argues, however, that the courts have not yet faced the issue of whether the Secretary of State had constitutional authority to certify that the amendments had been ratified. He asserts that the statute authorizing the Secretary of State to certify the ratification of a constitutional amendment was an unconstitutional delegation of legislative power.

## II. *Delegation of Power*

The statute in effect at the time the sixteenth and seventeenth amendments were considered, section 205 of the Revised Statutes of the United States, provided that:

> Whenever official notice is received at the Department of State that any amendment proposed to the Constitution of the United States has been adopted, according to the provisions of the Constitution, the Secretary of State shall forthwith cause the amendment to be published in the newspapers authorized to promulgate the laws, with his certificate, specifying the States by which the same may have been adopted, and that the same has become valid, to all intents and purposes, as a part of the Constitution of the United States.

Act of April 20, 1818, ch. 80, § 2, Rev.Stat. § 205 (2d ed. 1878) (amended version codified at 5 U.S.C. § 160 (1940), repealed Oct. 31, 1951; current version, as amended, at 1 U.S.C. § 106b). In order to decide whether this statute unconstitutionally delegated power to the Secretary of State, the court must first consider the nature of the power.

## A. *Nature of Secretary's Power*

The power given to the Secretary of State by section 205 is not a legislative power enumerated in the Constitution. Article five, which governs the amendment process, provides in relevant part:

> The Congress, whenever two thirds of both Houses shall deem it necessary, shall propose Amendments to this Constitution, ... which, ... shall be valid to all Intents and Purposes, as Part of this Constitution, when ratified by the Legislatures of three fourths of the several States....

Thus, Congress was only given power to propose amendments, and was not specifically given power to certify that a proposed amendment had been properly ratified.

The language of article five also demonstrates that a constitutional amendment is valid *when ratified,* and, as a result, that the act of certification is ministerial in nature. Ratification of a proposed amendment is "an expression of consent to the amendment." *Dyer v. Blair,* 390 F.Supp. 1291, 1307 (N.D.Ill.1975) (Stevens, Circuit Judge, presiding over three-judge panel). Certification that a proposed amendment has been ratified by the Secretary of State, or anyone else, is not the act that makes the amendment effective. *United States ex rel. Widenmann v. Colby,* 265 F. 998 (D.C.Cir.1920), *aff'd,* 257 U.S. 619, 42 S.Ct. 169, 66 L.Ed. 400 (1921). Instead, certification merely operates to trigger the publication process so that those interested will be informed that the proposed amendment has been ratified. *See Ex Parte Dillon,* 262 F. 563, 565 (N.D.Cal.1920), *aff'd,* 256 U.S. 368, 41 S.Ct. 510, 65 L.Ed. 994 (1921). Since the ultimate authority to ratify lies with the states, their official declaration of ratification is conclusive on the Secretary. *Leser v. Garnett,* 258 U.S. 130, 137, 42 S.Ct. 217, 217, 66 L.Ed. 505 (1922); *Widenmann,* 265 F. at 999. The Secretary's certification that a proposed amendment has been ratified, therefore, is ministerial in nature, not legislative. *Id.*[2]

Defendant's reliance on *Hollingsworth v. Virginia,* 3 U.S. (3 Dall.) 378, 1 L.Ed. 644 (1798), in support of his claim that the Executive Branch has nothing to do with the amendment process is misplaced. There, Justice Chase merely indicated that the President's veto power does not apply to proposed constitutional amendments. The Court did not hold, in dicta or otherwise, that the Executive Branch could not participate in the *administration* of a constitutional amendment after it has been ratified by the appropriate number of states.

■ The administrative role of the Secretary of State in the amendment process is consistent with the constitutional powers given to the Executive Branch. Article II of the Constitution provides that the Executive Branch "shall take Care that the Laws be faithfully executed." U.S. Const. art. II, § 3, cl. 4. This duty to execute the laws is a broad power not specifically limited to powers enumerated in the text of the Constitution, *Myers v. United States,* 272 U.S. 52, 118, 47 S.Ct. 21, 25, 71 L.Ed. 160 (1926), and includes the duty to execute constitutional provisions. *In re Neagle,* 135 U.S. 1, 64–67, 10 S.Ct. 658, 669, 34 L.Ed. 55 (1890). Thus, the Executive Branch has the duty to execute new amendments to the Constitution once they are ratified by the requisite number of state legislatures. As part of this power to execute or put into force a new amendment, the Secretary of State may certify that an amendment has been ratified and send it to the appropriate newspapers for publication.

## B. *Delegation of Power*

Having determined that the Secretary of State is not exercising legislative power, the delegation of that power is not improper. According to the landmark case on separation of powers cited by defendant, *Youngstown Co. v. Sawyer,* 343 U.S. 579,

---

**2.** The ministerial nature of the task performed by the Secretary of State is further evidenced by the modern procedure. Presently, a ratified amendment is published at the direction of the Archivist of the United States with his certificate specifying the states which ratified the amendment and indicating that the amendment has become valid. 1 U.S.C. § 106b.

72 S.Ct. 863, 96 L.Ed. 1153 (1952), the power of the Executive Branch "must stem either from an act of Congress or from the Constitution itself." *Id.* at 585, 72 S.Ct. at 865. Here, the power of the Secretary of State is authorized by both.

### Conclusion

In sum, this court follows the Seventh and Ninth Circuits as to the nonjusticiability of the ratification of a constitutional amendment after it has been certified by the Secretary of State.[3] With respect to the new argument presented by defendant in this case, the court finds that the Secretary's power to certify the ratification of an amendment and to have the amendment published is ministerial, not legislative, and that this power is properly authorized by statute and by the Constitution.

The motions to dismiss are denied.

SO ORDERED.

---

**3.** If the issue was justiciable, the court notes that some cases have held that the ratification of the sixteenth amendment was valid in spite of differences between the language used by the ratifying states and that used in the proposed amendment because those differences were not material. *See, e.g., United States v. Foster,* 789 F.2d 457, 463 (7th Cir.), *cert. denied,* — U.S. ——, 107 S.Ct. 273, 93 L.Ed.2d 249 (1986); *United States v. House,* 617 F.Supp. 237, 238–39 (W.D.Mich.1985), *aff'd,* 787 F.2d 593 (1986). Since the alleged defects in the ratification of the seventeenth amendment are of a similar nature, the same authority would support a finding that the ratification of that amendment was valid.

Moreover, some cases have held that amendments which have been recognized and acted upon for many years, such as the amendments at issue in this case, should be given presumptive validity. *See, e.g., Foster,* 789 F.2d at 462 (sixteenth amendment); *Knoblauch v. Commissioner,* 749 F.2d 200, 202 (5th Cir.1984) (sixteenth amendment), *cert. denied,* 474 U.S. 830, 106 S.Ct. 95, 88 L.Ed.2d 78 (1985); *House,* 617 F.Supp. at 240 (sixteenth amendment); *Maryland Petition Committee v. Johnson,* 265 F.Supp. 823, 826 (D.Md.1967) (fourteenth amendment), *aff'd,* 391 F.2d 933 (4th Cir.), *cert. denied,* 393 U.S. 835, 89 S.Ct. 109, 21 L.Ed.2d 106 (1968); *United States v. Gugel,* 119 F.Supp. 897, 900 (E.D.Ky.1954) (fifteenth amendment).