PATRICIA R. MYERS, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Myers v. Commissioner
Docket No. 38834-86.
United States Tax Court
T.C. Memo 1987-547; 1987 Tax Ct. Memo LEXIS 539; 54 T.C.M. (CCH) 986; T.C.M. (RIA) 87547; October 27, 1987. Patricia R. Myers, pro se. Teri Frank, for the respondent. WOLFE
MEMORANDUM FINDINGS OF FACT AND OPINION WOLFE, Special Trial Judge: Respondent determined a deficiency in petitioner's 1983 Federal income tax and additions to tax as follows: Additions to Tax
Deficiency
Sec. 6651(a)(1) [1]
Sec. 6653(a)(1)
Sec. 6653(a)(2)
Sec. 6654
$ 1,642.00
$ 410.50
$ 82.10 *
$ 100.00
The issues for decision are: (1) whether respondent *541 correctly determined a deficiency in petitioner's Federal income tax for 1983; (2) whether petitioner is liable for an addition to tax under section 6651(a)(1) for failure to file timely tax returns for 1983; (3) whether petitioner is liable for additions to tax under section 6653(a)(1) and (2) for negligence; and (4) whether petitioner is liable for an addition to tax under section 6654 for failure to pay estimated taxes for 1983. Petitioner resided in Joliet, Illinois when she filed her petition. Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. During 1983, petitioner was employed as a cook at Syl's Restaurant (Syl's) in Joliet, Illinois. Syl's paid petitioner total compensation for 1983 of $ 13,815 and reported this amount to the Internal Revenue by filing a Form W-2. Syl's did not withhold any tax on petitioner's 1983 compensation and petitioner did not make any estimated tax payments for that year. In the notice of deficiency respondent determined that petitioner failed to report wage income of $ 18,815. Respondent also determined additions to tax under section 6651(a)(1), section 6653(a)(1) *542 and (2) and section 6654. Petitioner concedes that she did not report her wage income. Petitioner claims that she owes no tax. In support of this position she raises various familiar arguments. Petitioner first contends that the Sixteenth Amendment never was ratified. The Seventh Circuit, to which an appeal lies in this case, consistently has rejected this argument. See United States v. Thomas,788 F. 2d 1250, 1253-1254 (7th Cir. 1986); United States v. Foster,789 F.2d 457, 462-463 (7th Cir. 1986). See also United States v. Stahl,792 F.2d 1438 (9th Cir. 1986). Petitioner also contends that the Internal Revenue Code does not define the term "income" and that wages are not income. Under section 61(a), "gross income means all income from whatever source derived," including compensation for services. Wages and compensation received in exchange for labor and services constitute taxable income. See Lonsdale v. Commissioner,661 F.2d 71 (5th Cir. 1981), affg. a Memorandum Opinion of this Court; Rowlee v. Commissioner,80 T.C. 1111, 1119-1122 (1982). Petitioner's arguments are without merit. *543 Respondent's deficiency determination is sustained. Section 6651(a)(1) imposes an addition to tax upon a taxpayer who fails to file a timely return unless the taxpayer shows that his failure to file was due to reasonable cause and not to willful neglect. Petitioner bears the burden of proof on this issue. Shomaker v. Commissioner,38 T.C. 192, 202 (1962); Rule 142(a). Petitioner contends that the Form W-2 which her employer sent to the Internal Revenue Service, qualifies as a timely filed return. Section 6011 provides that "When required by regulations prescribed by the Secretary any person made liable for * * * [income tax] * * * shall make a return or statement according to the forms and regulations prescribed by the Secretary." The general requirement of use of prescribed forms is set forth in section 1.6011-1, Income Tax Regs. In the present case petitioner has failed to file a tax return on the prescribed form. The filing by another person of a Form W-2, a different document than the official form for an individual income tax return, does not satisfy the requirements for filing an individual income tax return. See Beard v. Commissioner,82 T.C. 766, 774-779 (1984), *544 affd. 793 F.2d 139 (6th Cir. 1986); Reiff v. Commissioner,77 T.C. 1169 (1981). Petitioner has introduced no evidence to show that her failure to file was due to a reasonable cause. Respondent is sustained on this issue. Respondent determined that petitioner is liable for additions to tax under section 6653(a)(1) and (2) for negligence or intentional disregard of rules and regulations. Petitioner bears the burden of proving that she is not liable for these additions to tax. Bixby v. Commissioner,58 T.C. 757, 791 (1972). Petitioner has failed to present any evidence on this issue. Accordingly respondent is sustained. Respondent also determined an addition to tax under section 6654 for underpayment of estimated tax. Petitioner made no estimated tax payments for 1983 on the income on which her employer did not withhold tax. Petitioner has not shown that the computational exceptions of section 6654(d) apply. Accordingly, the addition to tax under section 6654 is mandatory. Grosshandler V. Commissioner,75 T.C. 1, 20-21 (1980). Respondent is sustained on this issue. Decision will be entered for the respondent. *545 Footnotes
1. This case was assigned pursuant to section 7456 redesignated as section 7443A by the Tax Reform Act of 1986, Pub. L. 99-514, section 1556, 100 Stat. 2755) and Rule 180 et seq. All section references are to the Internal Revenue Code of 1954, as amended, and as in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. * 50 percent of interest due on underpayments of $ 1,642. ↩