**UNITED STATES of America, Appellee,**

v.

**George S. SITKA, Defendant–Appellant.**

**No. 864, Docket 87–1505.**

United States Court of Appeals,
Second Circuit.

Argued March 10, 1988.

Decided April 20, 1988.

---

Lowell H. Becraft, Jr., Huntsville, Ala., for defendant-appellant.

Barbara A. Bailey, Asst. U.S. Atty., D. of Conn., Bridgeport, Conn. (Stanley A. Twardy, Jr., U.S. Atty., D. of Conn., New Haven, Conn., of counsel), for appellee.

Before MESKILL and ALTIMARI, Circuit Judges, and MISHLER, District Judge.[*]

MESKILL, Circuit Judge:

In this appeal, we are asked to address a question that we had thought was long settled. We are asked to rule that the Sixteenth Amendment to the United States Constitution, which gives Congress the "power to lay and collect taxes on incomes," was never properly ratified in accordance with Article V of the Constitution, and that federal courts therefore lack jurisdiction to entertain tax evasion prosecutions under the criminal penalty provisions of Title 26 of the United States Code. The United States District Court for the District of Connecticut, Blumenfeld, J., held that such a claim presented a nonjusticiable political question and that the Secretary of State's certification of the valid ratification of the Sixteenth Amendment in 1913 was

binding upon the courts. *See United States v. Sitka*, 666 F.Supp. 19 (D.Conn. 1987). For the following reasons, we affirm.

## BACKGROUND

Defendant-appellant George S. Sitka was charged in a thirteen count indictment in 1987 with three counts of willfully attempting to evade federal income taxation, in violation of 26 U.S.C. § 7201 (1982); one count of fraudulently concealing information regarding his income from the Social Security Administration, in violation of 42 U.S.C. § 408(d) (1982); and nine counts of conversion of government checks fraudulently obtained as disability benefits, in violation of 18 U.S.C. § 641 (1982). The government alleged that Sitka had failed to file federal income tax returns for the years 1980, 1981 and 1982, despite substantial income in each of those years. The government also alleged that Sitka had fraudulently obtained disability benefits by withholding information regarding his income.

Shortly after his indictment, Sitka moved pursuant to Fed.R.Crim.P. 12 for dismissal of the three tax evasion counts, alleging that the district court lacked subject matter jurisdiction. Sitka argued that "the Congressional power to enact ... Title 26 [of the United States Code], insofar as it relates to private individuals, is derived from the Sixteenth Amendment," and that "said Sixteenth Amendment ... was never and has never been ratified by the requisite number of state legislatures as required by Article V of the U.S. Constitution." *See* App. at 9. In an accompanying memorandum, Sitka presented a lengthy description of the process leading to the ratification of the Sixteenth Amendment and of its subsequent certification as a valid constitutional amendment in 1913 by then Secretary of State Philander C. Knox. Sitka described numerous alleged errors in the ratification process, including procedural irregularities at the state levels and certain syntactical

---

[*] Honorable Jacob Mishler of the United States District Court for the Eastern District of New York, sitting by designation.

and stylistic inconsistencies between the version of the amendment proposed by Congress and those ratified by the states. He sought the district court's permission to come forward at an evidentiary hearing with historical evidence of these alleged infirmities in order to show that the Sixteenth Amendment had been improperly ratified by the states and then fraudulently and erroneously certified by Secretary Knox. Sitka also alleged that the statute empowering the Secretary of State to certify such amendments in 1913 was an unconstitutional delegation of legislative authority and a violation of the constitutional doctrine of the separation of powers.

In a written ruling dated July 27, 1987, Judge Blumenfeld denied Sitka's motion to dismiss the tax evasion counts. Judge Blumenfeld first held that the district court would not consider the merits of the ultimate question concerning the validity of the Sixteenth Amendment. He held that the Secretary of State's certification of the amendment was binding upon the courts and that judicial examination of the validity of the amendment was, in any event, precluded by the political question doctrine. *See* 666 F.Supp. at 20–21.[1] Judge Blumenfeld then held that the statute empowering the Secretary of State to certify the amendment in 1913, section 205 of the Revised Statutes of the United States,[2] created a purely ministerial power and that it there-

fore was neither an unconstitutional delegation of power nor a violation of the constitutional doctrine mandating a separation of powers. *See* 666 F.Supp. at 21–23.

Following Judge Blumenfeld's decision, Sitka agreed to enter a conditional guilty plea to one of the tax evasion counts pursuant to Fed.R.Crim.P. 11(a)(2). Under the terms of that plea, which was approved by the government and the district court, Sitka reserved the right to appeal the district court's denial of his motion to dismiss. Sitka also entered an unconditional plea to the count in the indictment charging him with a violation of 42 U.S.C. § 408(d). The remaining charges were dismissed and this appeal followed.

## DISCUSSION

The Sixteenth Amendment to the Constitution provides that:

The Congress shall have power to lay and collect taxes on incomes, from whatever source derived, without apportionment among the several States, and without regard to any census or enumeration.

The amendment was necessitated by the Supreme Court's decision in *Pollock v. Farmers' Loan and Trust Co.*, 157 U.S. 429, 15 S.Ct. 673, 39 L.Ed. 759, *modified*, 158 U.S. 601, 15 S.Ct. 912, 39 L.Ed. 1108 (1895), in which the Court held that income derived from real estate could not constitu-

1. Although Judge Blumenfeld's opinion alludes to a similar challenge by Sitka to the validity of the Seventeenth Amendment, which provides for direct popular election of United States Senators, *see* 666 F.Supp. at 20 & n. 1, no such claim has been made in this appeal. Moreover, although there is one apparently erroneous reference to the Seventeenth Amendment in the record on appeal, *see* App. at 10, that amendment does not appear to have been relevant in any material way to the relief sought by Sitka in the district court. *See id.* at 8–9, 32–33.

2. Section 205, as it existed in 1913, provided that:

Whenever official notice is received at the Department of State that any amendment proposed to the Constitution of the United States has been adopted, according to the provisions of the Constitution, the Secretary of State shall forthwith cause the amendment to be published in the newspapers authorized to promulgate the laws, with his certificate, specifying the States by which the same may have

been adopted, and that the same has become valid, to all intents and purposes, as a part of the Constitution of the United States.

Act of April 20, 1818, ch. 30, § 2, Rev.Stat. § 205 (2d ed. 1878) (repealed Oct. 31, 1951; current version, as amended, at 1 U.S.C. § 106b (1982 & Supp. IV 1986)). The modern counterpart of section 205 provides:

Whenever official notice is received at the National Archives and Records Administration that any amendment proposed to the Constitution of the United States has been adopted, according to the provisions of the Constitution, the Archivist of the United States shall forthwith cause the amendment to be published, with his certificate, specifying the States by which the same may have been adopted, and that the same has become valid, to all intents and purposes, as a part of the Constitution of the United States.

1 U.S.C. § 106b.

tionally be subject to direct taxation without apportionment. *See* 157 U.S. at 580–83, 15 S.Ct. at 689–90. *See also* J. Nowak, R. Rotunda & J. Young, *Constitutional Law* 183 (2d ed. 1983). Therefore, the Sixteenth Amendment, along with the pre-existing taxing power created by Article I, section 8 of the Constitution, provides Congress with the necessary authority to impose a direct, non-apportioned income tax. *See Brushaber v. Union Pacific Railroad Co.*, 240 U.S. 1, 12–19, 36 S.Ct. 236, 239–42, 60 L.Ed. 493 (1916). *See also Parker v. Commissioner of Internal Revenue*, 724 F.2d 469, 471 (5th Cir.1984).

The Sixteenth Amendment was proposed by Congress in a joint resolution passed in 1909. *See* S.J.Res. 40, 36 Stat. 184 (1909). The amendment was subsequently ratified by the requisite three-fourths of the states, in accordance with Article V of the Constitution, and was duly certified by proclamation of the Secretary of State on February 25, 1913. *See* J. Nowak, R. Rotunda & J. Young, *supra*, at 1268. Sitka's principal argument before the district court was that Secretary of State Knox either failed to consider or fraudulently disregarded numerous alleged infirmities in the ratification process. Sitka's arguments in this respect are largely gleaned from a book published in 1985 entitled *The Law That Never Was*, which catalogues various alleged procedural errors in the ratification of the Sixteenth Amendment. *See* App. at 32–33. As the Seventh Circuit has noted, however, the authors of *The Law That Never Was* "did not discover anything; they [simply] rediscovered something that Secretary Knox considered in 1913." *United States v. Thomas*, 788 F.2d 1250, 1253 (7th Cir.), *cert. denied*, — U.S. —, 107 S.Ct. 187, 93 L.Ed.2d 121 (1986). Having considered the often trivial inconsistencies between the version of the Sixteenth Amendment proposed by Congress and those approved by the various states, Knox concluded that the amendment had been validly ratified. *See id. See also United States v. House*, 617 F.Supp. 237, 237–39 (W.D.Mich.1985).

■ Having noted this apparent historical weakness in Sitka's argument, we choose instead to base our decision in this case on principles that preclude any judicial inquiry at this late date into the validity of the Sixteenth Amendment. In *Baker v. Carr*, 369 U.S. 186, 82 S.Ct. 691, 7 L.Ed.2d 663 (1962), the Supreme Court set forth the classic articulation of what has come to be known as the political question doctrine. The Court in *Baker* laid out several considerations that must influence a court in determining whether a particular issue presents a nonjusticiable political question. Among those considerations are "the impossibility of a court's undertaking independent resolution [of an issue] without expressing lack of the respect due coordinate branches of government [and any] ... unusual need for unquestioning adherence to a political decision already made." *Id.* at 217, 82 S.Ct. at 710. Thus, "[t]he nonjusticiability of a political question is primarily a function of the [constitutional] separation of powers." *Id.* at 210, 82 S.Ct. at 706. *See also Powell v. McCormack*, 395 U.S. 486, 518–19, 89 S.Ct. 1944, 1962–63, 23 L.Ed.2d 491 (1969). Among the issues that the Supreme Court has held nonjusticiable under the political question doctrine are those relating to the procedures employed in the ratification of constitutional amendments. *See Coleman v. Miller*, 307 U.S. 433, 450–56, 59 S.Ct. 972, 980–83, 83 L.Ed. 1385 (1939); *id.* at 456–60, 59 S.Ct. at 983–85 (Black, J., concurring). *See also Baker*, 369 U.S. at 214–15, 82 S.Ct. at 708–09.

■ Another doctrine closely related to —if not inherent in—the political question doctrine is the so-called "enrolled bill rule." Under this rule, "[i]f a legislative document is authenticated in regular form by the appropriate officials, the court[s] treat[ ] that document as properly adopted." *Thomas*, 788 F.2d at 1253 (citing *Field v. Clark*, 143 U.S. 649, 12 S.Ct. 495, 36 L.Ed. 294 (1892)). In fact, when the Supreme Court articulated the enrolled bill rule in the leading case of *Field v. Clark*, it expressly relied on "[t]he respect due to co-equal and independent departments [of government]." 143 U.S. at 672, 12 S.Ct. at

497. *See also Baker,* 369 U.S. at 214–15, 82 S.Ct. at 708–09; *United States v. Stahl,* 792 F.2d 1438, 1440 (9th Cir.1986), *cert. denied,* ——— U.S. ———, 107 S.Ct. 888, 93 L.Ed.2d 840 (1987). It was with these considerations in mind that the Court in 1922 extended the enrolled bill rule to questions concerning the validity of constitutional amendments. *See Leser v. Garnett,* 258 U.S. 130, 137, 42 S.Ct. 217, 66 L.Ed. 505 (1922). The Court in *Leser* held that authenticated resolutions of ratification from the state legislatures are binding upon the Secretary of State and that the Secretary of State's proclamation certifying the ratification of the amendment is in turn conclusive upon the courts. *Id. See also Stubbs v. Commissioner of Internal Revenue Service,* 797 F.2d 936, 938 (11th Cir. 1986) (per curiam); *Stahl,* 792 F.2d at 1440; *Thomas,* 788 F.2d at 1253.

█ In denying Sitka's motion to dismiss in the instant case, Judge Blumenfeld relied both on the specific command of the enrolled bill rule, *see* 666 F.Supp. at 20–21, and on the broader considerations inherent in the political question doctrine, *see id.* at 21. We agree that in light of the respect due coequal branches of government under both these rules of justiciability, we need not and should not undertake the inquiry urged upon us by Sitka. Such an inquiry would be particularly unwise and unnecessary now, after federal courts have upheld and relied on the Sixteenth Amendment for more than seventy-five years. *See Stahl,* 792 F.2d at 1440–41; *United States v. Foster,* 789 F.2d 457, 462–63 (7th Cir.), *cert. denied,* ——— U.S. ———, 107 S.Ct. 273, 93 L.Ed.2d 249 (1986); *House,* 617 F.Supp. at 239–40. The Sixteenth Amendment was proposed by Congress and ratified by the states in accordance with procedures set out in Article V of the Constitution, and its ratification was then certified after careful scrutiny by a member of the executive branch acting pursuant to statutory duty. The validity of that process and of the resulting constitutional amendment are no longer open questions.

█ Finally, we also agree with Judge Blumenfeld that the statute authorizing the Secretary of State in 1913 to certify the ratification of the Sixteenth Amendment was neither an unconstitutional delegation of legislative authority nor a violation of the constitutional separation of powers. The authority created in the Secretary of State by section 205 of the Revised Statutes was purely ministerial; it could not and did not affect the process of ratification itself, which is self-executing upon completion. *See Dillon v. Gloss,* 256 U.S. 368, 376–77, 41 S.Ct. 510, 512–13, 65 L.Ed. 994 (1921) (holding that the Eighteenth Amendment became effective upon "the date of its consummation" and not on the date of the Secretary of State's proclamation); *United States ex rel. Widenmann v. Colby,* 265 F. 998, 999–1000 (D.C.Cir.1920) (terming the Secretary of State's power under section 205 "purely ministerial"), *aff'd,* 257 U.S. 619, 42 S.Ct. 169, 66 L.Ed. 400 (1921). This conclusion is underscored by the fact that the comparable authority today is vested in the Archivist of the United States. *See* 1 U.S.C. § 106b. *See also* note 2, *supra.* Thus, Congress has not improperly delegated any of its lawmaking authority. Moreover, the Secretary of State's execution of the power conferred upon him by section 205 in 1913 was entirely consistent with the constitutional separation of powers. The power of an executive branch official "must stem either from an act of Congress or from the Constitution itself." *Youngstown Sheet & Tube Co. v. Sawyer,* 343 U.S. 579, 585, 72 S.Ct. 863, 865, 96 L.Ed. 1153 (1952). The ministerial power at issue here stems both from an act of Congress and from the direct command of Article II, section 3 of the Constitution that the President, through the executive branch, "shall take care that the laws be faithfully executed."

## CONCLUSION

For all of the foregoing reasons, the judgment of the district court is affirmed.