**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 08-16190 |
| Plaintiff - Appellee, | D.C. No. 1:05-CV-00594-LJO-SMS |
| v. | |
| STEVEN HEMPFLING, an individual, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Lawrence J. O'Neill, District Judge, Presiding

Submitted June 18, 2010[**]
San Francisco, California

Before: TASHIMA and BEA, Circuit Judges, and READE, Chief District Judge.[***]

Steven Hempfling ("Hempfling"), doing business as Free Enterprise Society

("FES"), appeals the district court's order entering a default judgment against him

as a discovery sanction and permanently enjoining him from promoting, organizing

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Linda R. Reade, United States District Court Judge for the Northern District of Iowa, sitting by designation.

and selling abusive tax evasion and shelter products in violation of 26 U.S.C. § 6700.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.[1]

## I.

This court reviews the imposition of discovery sanctions for abuse of discretion and the underlying factual determinations for clear error.  *Merrick v. Paul Revere Life Ins. Co.*, 500 F.3d 1007, 1014 (9th Cir. 2007) (citing *Valley Eng'rs Inc. v. Elec. Eng'g Co.*, 158 F.3d 1051, 1052 (9th Cir. 1998)).  Terminating sanctions, such as default judgments, are justified only where the party's noncompliance was due to "willfulness, fault, or bad faith."  *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1115 (9th Cir. 2004) (per curiam) (internal quotation marks omitted).

Hempfling contends on appeal that the government failed to comply with the meet-and-confer requirement of Federal Rule of Civil Procedure 37, but he failed to make such an argument in the district court.  Therefore, the argument has been waived.  *See A-1 Ambulance Serv., Inc. v. County of Monterey*, 90 F.3d 333, 338 (9th Cir. 1996) ("Generally, in order for an argument to be considered on appeal, the argument must have been raised sufficiently for the trial court to rule on it.").  In any event, the argument is without merit.  The record reflects the government's thorough efforts to secure the discovery without court intervention, and that

---

[1]  Because the parties are familiar with the facts of the case, we will repeat them here only to the extent necessary to explain our decision.

2

Hempfling's conduct clearly demonstrated that further efforts would have been fruitless. *See* Fed. R. Civ. P. 37(a)(1) (requiring good faith attempt to confer prior to bringing motion to compel). Accordingly, the district court did not abuse its discretion when it determined the government's motion to compel and motion for sanctions.[2]

Neither did the district court abuse its discretion when it found that Hempfling acted willfully and in bad faith in failing to respond to the government's written discovery requests and in failing to attend his deposition. The district court acted well within its discretion in finding that the relevant factors supported a case-dispositive sanction. *See Conn. Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) (setting forth factors a district court should consider before imposing a case-dispositive sanction). The record supports the district court's determination that (1) Hempfling's conduct interfered with the resolution of the litigation, disrupted the district court's docket and hampered the government's efforts to gather evidence; and (2) his repeated flouting of discovery rules and orders demonstrated that less drastic sanctions would not deter further violations.

---

[2] Hempfling's argument that the district court failed to comply with Local Rule 37-251 also is without merit. By its own terms the rule is inapplicable when there has been a "complete and total failure to respond to a discovery request or order" or when the only relief sought is the imposition of sanctions. *See* E.D. Cal. Local Rule 37-251(e). The Magistrate Judge correctly concluded that Local Rule 37-251(b) did not apply because of these exceptions.

**II.**

We review a district court's grant of a permanent injunction for abuse of discretion. *Newdow v. Rio Linda Union Sch. Dist.*, 597 F.3d 1007, 1016 (9th Cir. 2010); *see also United States v. Estate Pres. Servs.*, 202 F.3d 1093, 1097 (9th Cir. 2000) (reviewing grant of preliminary injunction under 26 U.S.C. §§ 6700 and 7408 for abuse of discretion). We review legal questions underlying a district court's grant of a permanent injunction de novo, and we review its factual findings for clear error. *Malabed v. North Slope Borough*, 335 F.3d 864, 867 (9th Cir. 2003).

**A.**

The district court did not abuse its discretion in finding that an injunction was appropriate to prevent Hempfling from further engaging in conduct subject to penalty under 26 U.S.C. § 6700. 26 U.S.C. § 7408(b)(2). Hempfling is a founder and director of FES. In this capacity, he has organized, promoted and sold various materials advising purchasers that they can avoid federal income taxes, tax liens and levies. He also purports to provide a legal defense to a potential criminal prosecution for such conduct. The record amply supports the district court's finding that injunctive relief was appropriate. *See Estate Pres. Servs.*, 202 F.3d at 1105 (setting forth factors a district court may consider in determining the likelihood of future violations of § 6700 and the need for an injunction).

4

**B.**

The injunction does not violate Hempfling's rights under the First Amendment to the United States Constitution. The district court carefully tailored the injunction such that it presents an appropriate restriction only on fraudulent commercial speech. *See United States v. Schiff*, 379 F.3d 621, 630 (9th Cir. 2004) (affirming injunction under 26 U.S.C. §§ 6700 and 7408 as a valid restriction on fraudulent commercial speech); *United States v. Benson*, 561 F.3d 718, 725-26 (7th Cir. 2009) (rejecting First Amendment challenge to injunction nearly identical to the instant injunction). Although Hempfling's claims are "far-fetched, they could mislead a customer into believing he or she could use [Hempfling's] products to legally stop paying income taxes." *Schiff*, 379 F.3d at 630. Accordingly, the district court did not abuse its discretion when it entered the injunction.

**III.**

Hempfling's remaining arguments are without merit. The government's amended complaint did not present a non-justiciable political question regarding the Sixteenth Amendment's ratification. That the Sixteenth Amendment to the Federal Constitution was duly adopted is not an open question for the courts. *United States v. Stahl*, 792 F.2d 1438, 1440 (9th Cir. 1986). Nor did the amended complaint call for an improper advisory opinion. Accordingly, the district court did not lack jurisdiction over certain allegations in the amended complaint.

5

Assuming, *arguendo*, that the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply to alleged violations of 26 U.S.C. § 6700, a de novo review of the government's amended complaint reveals that it satisfied Rule 9(b). *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (reviewing factual allegations de novo for purposes of Rule 9(b)); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (stating that averments of fraud must be "specific enough to give defendants notice of the particular misconduct so that they can defend against the charge and not just deny that they have done anything wrong"). Accordingly, the district court correctly denied Hempfling's motion to dismiss the amended complaint on this basis.

The district court also correctly denied Hempfling's motion to dismiss the amended complaint for failure to state a claim. The government sufficiently alleged that Hempfling organized or sold a "plan or arrangement" and made false or fraudulent statements with respect to the securing of a "tax benefit" by participating in the plan or arrangement. 26 U.S.C. § 6700; *Schiff*, 379 F.3d at 623 (affirming injunction where defendant sold "various tax packages that purport[ed] to teach the buyer how to 'legally' stop paying federal income taxes"); *Benson*, 561 F.3d at 722 (noting that "the definition of a plan for purposes of § 6700 is broad" and that "[c]ourts have not been hesitant in finding tax protesters' activities to qualify as plans"). Hempfling's claim that his allegedly false or fraudulent

6

statements were not "material" is equally without merit. The false or fraudulent statements at issue are material because their truth or falsity would have a substantial impact on whether a reasonable person would choose to purchase Hempfling's programs. *See United States v. Gleason*, 432 F.3d 678, 683 (6th Cir. 2005) ("Statements with a substantial impact on the decision to purchase a tax package pertain to a material matter.") (internal quotation marks omitted).

Hempfling's motion to strike is denied.

**AFFIRMED.**