23-860-cv
*Futia v. United States*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14ᵗʰ day of May, two thousand twenty-four.

PRESENT:
> JOSÉ A. CABRANES,
> MARIA ARAÚJO KAHN,
> *Circuit Judges*,
> KATHERINE POLK FAILLA,
> *District Judge*.[*]

_____

Anthony Futia, Jr.,

      *Plaintiff-Appellant*,

      v.                                 23-860

United States of America,

      *Defendant-Appellee*.

_____

[*] Judge Katherine Polk Failla, of the United States District Court for the Southern District of New York, sitting by designation.

FOR PLAINTIFF-APPELLANT:                    Anthony J. Futia, Jr., *pro se*, North White Plains, NY.

FOR DEFENDANT-APPELLEE:                    Mark Osmond, Benjamin H. Torrance, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY.

Appeal from the May 23, 2023, judgment of the United States District Court for the Southern District of New York (Vincent L. Briccetti, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Appellant Anthony Futia, Jr. ("Futia") filed a *pro se* complaint alleging that the United States government violated his constitutional rights—specifically, the Petition Clause of the First Amendment and the Due Process Clauses of the Fifth and Fourteenth Amendments—by (1) enforcing a tax against him, (2) refusing to respond to correspondence in which he sought redress, and (3) imposing a levy against him for the taxes that he owed. Futia attached over a thousand pages of documents and sought declaratory and injunctive relief. With respect to the former, he sought a declaration that he was not guilty of failing to pay taxes and, with respect to the latter, he sought an

2

injunction preventing the IRS from continuing to levy a portion of his Social Security payments. Futia also asked for a jury trial.

The government moved to dismiss Futia's complaint under Federal Rule of Civil Procedure 12(b)(1) and (b)(6). The district court dismissed Futia's complaint, reasoning that the government was protected by sovereign immunity and that the Declaratory Judgment and Anti-Injunction Acts—28 U.S.C. § 2201(a) and 26 U.S.C. § 7421(a), respectively—barred Futia's requests for declaratory and injunctive relief pertaining to taxation. *See Futia v. United States*, No. 22-CV-6965 (VB), 2023 WL 3061903, at *4 (S.D.N.Y. Apr. 24, 2023). The district court further held that although Futia could seek limited non-monetary relief for certain constitutional claims under the Administrative Procedure Act, those claims ultimately lacked merit because the First Amendment right to petition the government does not include a right to a response, the government had not violated Futia's due process rights for the same reason, and the United States has the power to impose federal income taxes under the Sixteenth Amendment. *See id.* at *5–7.[1] Futia appealed from the decision. We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

---

[1] The district court also denied leave to amend, *Futia*, 2023 WL 3061903 at *8, but Futia does not challenge that aspect of the court's ruling. As such, it is abandoned. *See Green v. Dep't of Educ. of N.Y.C.*, 16 F.4th 1070, 1074 (2d Cir. 2021) (per curiam).

Because the district court made no factual findings, we review the dismissal under both Federal Rule of Civil Procedure 12(b)(1) and (6) *de novo*. *See Cangemi v. United States*, 13 F.4th 115, 129 (2d Cir. 2021) (subject matter jurisdiction); *VIZIO, Inc. v. Klee*, 886 F.3d 249, 255 (2d Cir. 2018) (failure to state a claim). In conducting our review, we assess whether the well-pleaded facts, accepted as true and with all reasonable inferences drawn in Futia's favor, state a plausible claim for relief. *See VIZIO*, 886 F.3d at 255. *Pro se* submissions are construed "to raise the strongest arguments they suggest." *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022) (per curiam) (internal quotation marks omitted).

## I. Subject Matter Jurisdiction

The district court correctly held that Futia had not shown that his claims for injunctive and declaratory relief pertaining to taxation fell within an applicable waiver of sovereign immunity. "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *F.D.I.C. v. Meyer*, 510 U.S. 471, 475 (1994). Because "[t]he doctrine of sovereign immunity is jurisdictional in nature," Futia bears the burden of showing that his claims "fall within an applicable waiver." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Futia was explicitly barred from suing the government for the requested declaratory and injunctive relief under the Declaratory Judgment and Anti-Injunction Acts. The Declaratory Judgment Act prevents the court from making declarations "with respect to Federal taxes." 28 U.S.C. § 2201(a). The Anti-

4

Injunction Act likewise provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). Accordingly, the portion of Futia's suit with the "objective aim" to declare his tax obligation void and enjoin the levying of tax owed was barred by the aforementioned federal statutes. *CIC Servs., LLC v. IRS*, 593 U.S. 209, 217 (2021).

## II. Petition Clause

We also agree with the district court that Futia's right to petition claim under the First Amendment, although not barred by sovereign immunity, fails to state a claim for relief. The First Amendment Petition Clause prohibits states from "abridging . . . the right of the people . . . to petition the Government for a redress of grievances." U.S. Const. amend I. In arguing that the Petition Clause also guarantees a right to a governmental *response*, Futia contends that the district court erred in relying on *Smith v. Ark. State High. Emps., Loc. 1315*, 441 U.S. 463 (1979), and *Minn. State Bd. for Cmty. Colls. v. Knight*, 465 U.S. 271 (1984), which held that no such right exists. He claims that those cases are distinguishable because they involved conduct by states, not the federal government. On this record, Futia does not put forth a cogent argument as to why the Petition Clause has been interpreted incorrectly by the Supreme Court or why the Petition Clause should be applied differently as between the federal government and states. This Court is "bound

to follow the existing precedent of the Supreme Court until that Court tells us otherwise."

*N.Y. State Citizens' Coal. for Child. v. Poole*, 922 F.3d 69, 79 (2d Cir. 2019).  Accordingly, we

conclude that the district court did not err in dismissing Futia's Petition Clause claim.

## III.    Due Process Clause

Futia's Due Process claim fails for the same reason as his Petition Clause claim.  To

the extent that Futia contends that the Sixteenth Amendment was not legally ratified, that

argument has been rejected on both procedural and substantive grounds.  *See United*

*States v. Sitka*, 845 F.2d 43, 45–47 (2d Cir. 1988) (declining to reach the issue as a political

question); *Miller v. United States*, 868 F.2d 236, 241 (7th Cir. 1989) (per curiam) (describing

the "long and unbroken line of cases upholding the constitutionality of the [S]ixteenth

[A]mendment") (citing *Brushaber v. Union Pac. R.R. Co.*, 240 U.S. 1, 12–19 (1916)).

We have considered Futia's remaining arguments and conclude that they are

without merit.  Accordingly, we **AFFIRM** the judgment of the district court.  Because

some of Futia's filings contain his personal identifying information that should not have

been filed unredacted on the public docket, the Clerk of this Court is directed to seal

volume 13 of Futia's appendix (document 70) from public view; the district court is

directed to do the same for documents 1-15 on its docket.  *See* Fed. R. Civ. P. 5.2(a)(1);

Fed. R. App. P. 25(a)(5).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6