**KERMIT C. SANDERS LODGE NO. 13, FRATERNAL ORDER OF POLICE; Randy K. Black; Roger W. Burkhart; Henry F. Cambron; Douglas W. Carlson; Phillip W. Coffey; Michael R. Conti; Curtis Cook; Michael J. Ely; William H. Hayes; William S. Hegwood; Billy C. Hood; William J. Keller, Jr.; Ted L. Kirby; Dennis A. Liber; David J. Littlejohn; Lamar A. Maloney; Joseph Martin; Christopher Mouisset; Stephen**

Nettles; William W. Peace; Clark E. Pino; Ronald L. Prince; J.C. Puryear; Duke R. Roberts; Samuel C. Slover; John L. Sparks; James D. Stanfill, Jr.; Mitchell L. Thurman; Joe W. Tyson; and Mary C. Wrozier, Plaintiffs,

v.

CITY OF SMYRNA, GEORGIA; A. Max Bacon; Bob Davis; Wade Lnenicka; Bill Scoggins; Jim Hawkins; Jack Shinall; Kathy Jordan; John Steely; John Patterson; John H. Patrick; Ron Newcomb; Charles Pete Wood; and Jack Cramer, Defendants.

No. Civ. 1:92–CV–226 JEC.

United States District Court, N.D. Georgia, Atlanta Division.

Aug. 17, 1994.

Mary Ann B. Oakley, Office of Mary Ann B. Oakley, Atlanta, GA, for plaintiffs.

Beverly H. Pritchard, Drew, Eckl & Farnham, Atlanta, GA, Charles E. Camp, Cochran, Camp & Snipes, Smyrna, GA, Malcolm J. Hall, Office of Malcolm J. Hall, Atlanta, GA, for defendants.

### ORDER

CARNES, District Judge.

This case is presently before the Court on defendants' motion for summary judgment [# 44]. The Court has reviewed the record and the arguments of the parties and, for the reasons set forth below, grants defendants' motion for summary judgment.

### BACKGROUND

Plaintiffs filed this case seeking damages and injunctive relief against defendants alleging violations of the Fair Labor Standards Act (FLSA) and the Age Discrimination in Employment Act. Defendants previously moved for summary judgment on all counts. The Court granted defendants' motion in part and denied the motion in part.[1]

In the original motion, defendants argued that they were entitled to a 29 U.S.C. § 207(k) exemption from the overtime provisions of the FLSA. The Court denied defendants' motion for summary judgment on the claim. The Court, however, allowed defendants to refile their motion within twenty days so that the parties could make further arguments on the issue. Defendants have now filed their renewed motion for summary judgment.

### DISCUSSION

#### I. Summary Judgment Standard

Summary judgment is not properly viewed as a device that the trial court may, in its discretion, implement in lieu of a trial on the merits. Instead, Rule 56 of the Federal Rules of Civil Procedure *mandates* the entry of summary judgment against a party who fails to make a showing sufficient to establish the existence of *every* element essential to that party's case on which that party will bear the burden of proof at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In such a situation, there can be no genuine issue as to any material fact, as a complete failure of proof concerning an essential element of the non-moving party's case necessarily renders all other facts immaterial. *Id.* at 322–23, 106 S.Ct. at 2552–53.

The movant bears the initial responsibility of asserting the basis for his motion. *Id.* at 323, 106 S.Ct. at 2552; *Apcoa, Inc. v. Fidelity Nat'l Bank,* 906 F.2d 610, 611 (11th Cir. 1990). However, the movant is not required to negate his opponent's claim. The movant may discharge his burden by merely " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the non-moving party's case." *Celotex,* 477 U.S. at 325, 106 S.Ct. at 2554. After the movant has carried his burden, the non-moving party is then required to "go beyond the pleadings" and present competent evidence[2] designating " 'specific facts showing that there is a genuine issue for trial.' " *Id.* at 324, 106 S.Ct. at 2553 (quoting FED.R.CIV.P. 56(e)). While the court is to view all evidence and factual inferences in a light most favorable to the non-moving party, *Samples v. City of Atlanta,* 846 F.2d 1328,

---

1. Specifically, the Court granted defendants' motion for summary judgment regarding calculation of plaintiffs' overtime pay, compensatory time for all plaintiffs except Puryear and Sparks, and court or on-call time. The Court denied defendants' motion for summary judgment regarding the 29 U.S.C. § 207(k) exemption, pre-shift time, and the age discrimination claims.

2. The non-moving party may meet its burden through affidavit and deposition testimony, answers to interrogatories, and the like. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553.

1330 (11th. Cir.1988), "the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).

A fact is material when it is identified as such by the controlling substantive law. *Id.* at 248, 106 S.Ct. at 2510. An issue is genuine when the evidence is such that a reasonable jury could return a verdict for the nonmovant. *Id.* at 249–50, 106 S.Ct. at 2510–11. The nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (citations omitted). An issue is not genuine if it is unsupported by evidence, or if it is created by evidence that is "merely colorable" or is "not significantly probative." *Anderson*, 477 U.S. at 249–50, 106 S.Ct. at 2510–11. Thus, to survive a motion for summary judgment, the non-moving party must come forward with specific evidence of *every* element material to that party's case so as to create a genuine issue for trial.

## II. *Fair Labor Standards Act 29 U.S.C. § 207*

Pursuant to the Fair Labor Standards Act, as this Court noted in its prior order, employers are prohibited from employing any worker for a work week longer than forty (40) hours unless the employee receives compensation for his employment in excess of forty (40) hours, at a rate not less than one and one-half times the regular rate at which he is employed. 29 U.S.C. § 207(a)(1) (Supp. 1993). The Fair Labor Standards Act, 29 U.S.C. § 207(k), however, provides the following exception:

No public agency shall be deemed to have violated subsection (a) of this section with respect to the employment of any employee in fire protection activities or any employee in law enforcement activities (including security personnel in correctional institutions) if—

(1) in a work period of twenty-eight (28) consecutive days the employee receives four (4) tours of duty which in the aggregate exceed the lesser of (A) 216 hours, or (B) the average number of hours (as determined by the Secretary pursuant to § 6(c)(3) of the Fair Labor Standards Amendments of 1974) in tours of duty of employees engaged in such activities in work periods of twenty-eight (28) consecutive days in calendar year 1975; or (2) in the case of such an employee to whom a work period of at least seven (7) but less than twenty-eight (28) days applies, in his work period the employee receives four tours of duty which in the aggregate exceed a number of hours which bears the same ratio to the number of consecutive days in his work period as 216 hours (or if lower, the number of hours referred to in the clause (B) of paragraph (1)) bears to twenty-eight (28) days,

compensation at a rate of not less than one and one-half times the regular rate at which he is employed.

29 U.S.C. § 207(k) (Supp.1993) (the "§ 207(k) exception").

As this Court further noted, public agencies may choose to invoke the § 207(k) exception, or they may pay the fire fighters and law enforcement officers pursuant to § 207(a). In essence, under § 207(k), public agencies may require these employees to work forty-three (43) hours a week [3] without being required to pay these employees overtime; under § 207(a), any work over forty (40) hours a week triggers overtime pay. Plaintiffs contend that they were required to work more than forty (40) hours in some weeks and, accordingly, should have been paid overtime for any hours over forty (40)

---

**3.** Or 86 hours every two weeks, or 171 hours every twenty eight (28) days. *See Lamon v. City of Shawnee*, 972 F.2d 1145, 1150 (10th Cir.1992);

*Birdwell v. City of Gadsden*, 970 F.2d 802, 805 (11th Cir.1992); *Nixon v. City of Junction City*, 707 F.Supp. 473, 479 (D.Kan.1988).

that were worked in a given week. Defendants argue that § 207(k)(2) applies here and that plaintiffs were entitled to, and received, overtime pay only for those hours over eighty-six (86) hours that they worked in a fourteen (14) day period.

A public agency invoking the § 207(k)(2) exemption must establish a "work period" of not less than seven (7) consecutive days nor more than twenty-eight (28) consecutive days. The Secretary of Labor has defined the work period as:

> ... any established and regularly recurring period of work which, under the terms of the Act and legislative history, cannot be less than 7 consecutive days. Except for this limitation, the work period can be of any length, and it need not coincide with the duty cycle or pay period or with a particular day of the week or hour of the day. Once the beginning and ending time of an employee's work period is established, however, it remains fixed regardless of how many hours are worked within the period.

29 C.F.R. 553.224 (1992).

■ The burden is on the employer to show it has adopted a § 207(k) exemption. *Birdwell v. City of Gadsden,* 970 F.2d 802, 805 (11th Cir.1992). The employer must prove the applicability of the exception by "clear and affirmative evidence." *Id.* Further, the Court should narrowly construe the exemption against the employer and should interpret the Act liberally in the employee's favor. *Id.*

In response to defendants' first motion for summary judgment, plaintiffs argued that defendant City of Smyrna's ("the City") work period is six days. In order to qualify for the 207(k) exemption, the City's work period must be between seven and twenty-eight days. Plaintiffs asserted that because each officer works four (4) days and then has two (2) days off, the work period is six (6) days and thus, defendants do not qualify for the

§ 207(k) exemption. The parties agree that plaintiffs' duty is six (6) days, but defendants argue, correctly, that the "work period" need not correspond to the "duty cycle." *See* 29 C.F.R. 553.224. In response to defendants' renewed motion for summary judgment, however, plaintiffs do not argue that the work period corresponds to the duty cycle. Instead, plaintiffs only maintain that defendants have not shown that the City *established* a work period of between seven and twenty-eight days. *See* 29 U.S.C. § 207(k).

### III. *Establishment of Work Period*

■ Again, neither side has articulated a legal standard to guide the Court in its determination of the *establishment* of the work period.[4] Absent any legislative or regulatory authority defining the term "establish," the Court will "assume that the legislative purpose is expressed by the ordinary meaning of the words used." *United States v. James,* 478 U.S. 597, 604, 106 S.Ct. 3116, 3120, 92 L.Ed.2d 483 (1986). BLACK'S LAW DICTIONARY defines "establish" as "to form," "to found," "to make," and "to create." BLACK'S LAW DICTIONARY (6th Ed.). Thus, the City must show that it "made" or "created" a work period between seven and twenty-eight days to receive the § 207(k) exemption.

■ Defendants offer several pieces of evidence in support of their contention that they have established a work period under the statute. First, they offer Exhibit P–1, which is a policy statement dated October 10, 1989. The statement provides that the 207(k) provision has been elected and that it provides for "a 28–day work period allowing 171 hours (worked) prior to an overtime liability." Plaintiff alleges that Exhibit P–1 is "meaningless, as no witness in this case has been able to identify it with any specificity." (Pls.' Resp. to Defs.' Mot. for Summ. J. at 4.)

■ Defendants argue, however, that Jane Mears, City of Smyrna Director of Personnel at all times pertinent to the litigation, testi-

---

4. The Court recognizes that defendants did inform the Court about the legislative history for § 207(k), about the meaning of another FLSA term "workweek," about cases involving fire fighters, and about pertinent Department of Labor opinions. (Def. Renewed Mot. for Sum. J.)

The Court cannot fault defendants for a lack of diligence; unfortunately, none of this material articulates the legal standard for determining whether the employer has "established" a work period.

fied that she contributed to the document and prepared it for a meeting with Finance Director Emory McHugh, City Administrator John Patterson, and acting Police Chief Major Sims. (Dep. of Mears, at 6, 9/18.) Under FED.R. OF EVID. 901(b)(1), evidence is authenticated by testimony of a witness with knowledge that a matter is what it is claimed to be. FED.R.EVID. 901(b)(1). Thus, the Court concludes Exhibit P–1 will be authenticated by the testimony of Ms. Mears.[5]

Defendants also offer an internal memo from Hook, the Chief of Police to Jane Mears, the Director of Personnel, that stated: "Effective April 1, 1991, the first eighty-six compensable hours will be paid at the regular rate of pay." The memo further provided: "FLSA provides for the payment of overtime to certain law enforcement personnel at one and one-half times their regular rate of pay for every hour worked in excess of eighty-six hours in any given two week pay period." The memo then lists the law enforcement personnel to whom the eighty-six hour rule applies. Defendants assert that the memo shows that the City changed its 207(k) work period to a fourteen-day period effective April 1, 1991.

In support of their motion, defendants further submit two affidavits from Fred Brack and an affidavit from Stanley Hook. Fred Brack was the acting commander of the administrative division from January 1, 1991 through June 30, 1991. He states in his first affidavit that on or about April 1, 1991, the work period which had been selected by the City in 1985 was changed from a 28–day period to a 14–day period. (Defs.' Mot. for Summ. J. Ex. C at 3.) In his supplemental affidavit, Brack explains that he participated in drafting the internal memo from Hook to Mears and that defendants intended to change the work period from a 28–day period to a 14–day period. Several meetings were held to discuss the impending change. At-

tending the meetings were: John Patterson, the City Manager; Mears; Emory McHugh, the City Finance Director at the time; Sharon Williams, assistant to McHugh; Teresa Elliott, Payroll Clerk; and Chief Hook.

Defendants also submit a supplemental affidavit from Stanley Hook, Chief of Police. He likewise describes the meetings held in anticipation of changing the 28–day work period to a 14–day work period. He states that the concept was set forth in the first paragraph of the memo directed to Mears from him. (Defs.' Reply in Support of Defs.' Mot. for Summ. J. Ex. B at 3.)

■ The only evidence plaintiffs have submitted regarding the length of the work period is the six (6) day duty cycle. The existence of a six (6) day duty cycle is not disputed by defendants. The Court recognizes, of course, that plaintiffs do not have the burden of producing evidence regarding the establishment of a work period by the City. In order to survive summary judgment, however, plaintiffs must show the Court that a disputed issue of material fact exists. If there are no disputed issues of material fact, the issue is appropriate for the Court to decide as a matter of law. *Birdwell,* 970 F.2d 806 n. 2. Plaintiffs argue simply that because defendants' evidence does not prove that the City adopted the work period, the City is not entitled to the exception. The evidence of establishment of a work period before the Court at this time is Exhibit P–1; the March 27, 1991 memo from Jane Mears and to Chief Hook stating "FLSA provides for the payment of overtime to certain law enforcement personnel at one and one-half times their regular rate of pay for every hour worked in excess of eighty-six hours in any given two week pay period" (Def. Mot. for Sum. J. at Aff. of Hook Ex. 3–1)[6]; the affidavit and supplemental affidavit

---

**5.** Additionally, defendants note that City Administrator Patterson testified that Exhibit P–1 did accurately reflect the City's policies and "what was going on in the City of Smyrna as of October 1989." (Dep. of Patterson, at 49, 1/24.)

**6.** The Court notes that Plaintiffs correctly state that this memo does not refer to "work period," but rather to "pay period." The memo, howev-

er, is to Jane Mears, Director of Personnel, and the subject is "(1) Rate of Compensation for Hours worked; (2) Rate of compensation for other Hours; (3) Definitions." Aff. of Stanley Hook, Ex. 3–1. Since the memo is regarding compensation, logically it refers only to "pay period" rather than "work period."

As defendants argue, the memo does state in its first paragraph: "In accordance with FLSA

of Chief Hook; the affidavit and supplemental affidavit of Captain Brack; and the pay period of fourteen (14) days. The Court finds that the clear and affirmative evidence before the Court indicates that the City did adopt a fourteen day work period.[7] Therefore, the City is entitled to the § 207(k) exemption.

## Conclusion

For the foregoing reasons, defendants' motion for summary judgment [# 44] is **GRANTED**.

Further, in the Court's order on the parties' original motion for summary judgment, the Court granted summary judgment for defendants as to plaintiff's claims related to compensatory time. The Court directed, however, that summary judgment would not be entered on the claim for plaintiffs Puryear and Sparks if they filed specific allegations of occasions on which they were denied use of their compensatory time. As plaintiffs Puryear and Sparks did not file any specific allegations within ten days of the summary judgment order, summary judgment is granted for defendants on plaintiffs Puryear's and Sparks' claim that their compensatory time was not properly awarded. Thus, the only remaining claims in this case are the claims regarding pre-shift time, regular rate of pay, and age discrimination. The Court orders both parties to file the Consolidated Pretrial Order in this case within thirty (30) days of this order.

SO ORDERED.

---

the first eighty-six compensable hours will be paid at the regular rate of pay." *Id.* The only pertinent reference in the FLSA to an 86–hour threshold is 29 C.F.R. § 553.230, which contains the Secretary of Labor's chart for the various thresholds over which overtime compensation must be paid, depending on the length of the chosen **work period.** It strains credulity to think that the City, through its administrators, would declare that they were attempting to comply with FLSA requirements in implementing policy, but that they then would pick at random first "171" hours in 1985 for a 28–day period, and then "86" hours when a change was implemented in 1991. Therefore, the Court concludes that the particular FLSA context on which they focused was, inescapably, the work period.

7. Moreover, if there was any doubt whether the City has presented evidence sufficient to show establishment of a 14 day work period, it was dispelled by a recent Eleventh Circuit's decision in *Avery v. City of Talladega, Alabama,* 24 F.3d 1337 (11th Cir.1994). In deciding whether the detectives were exempt from overtime under § 7(k) of the FLSA, the Eleventh Circuit stated,

The detectives complain that they are 'not paid overtime until 171 hours of work are accumulated in the 28 day cycle.' Instead of proving their claim, that **fact simply demonstrates that the City has adopted, and calculates the detectives' overtime in accordance with, a twenty-eight day work period.**

*Id.* at 1344 (footnote omitted, emphasis added).

In this case, defendant pays overtime for every hour worked in excess of eighty-six hours in a two week pay period. (Def. Mot. for Sum. J. at Aff. of Hook, Ex. 3–1.) Like the police department in Avery, this demonstrates that defendant has adopted a fourteen day work period.