alternative twenty-eight day work period and made its patrol officers aware of the adoption.  Thus, we conclude that Kettering satisfied any procedural requirements necessary to establish a § 7(k) work period.

Defendant has offered evidence showing that it calculated the overtime compensation due to its patrol officers under the CBA and under the FLSA and concluded that in every case, payment under the terms of the CBA equaled or exceeded that due under the terms of the FLSA with a twenty-eight day work period.  Plaintiffs have not contested that calculation.  Because defendant validly established a twenty-eight day work period and paid sufficient overtime compensation for a work period of that length, we affirm the judgment of the magistrate judge.

**III.**

For the reasons stated above, we affirm the judgment of the magistrate judge granting summary judgment to defendant city of Kettering.

RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit Rule 206

ELECTRONIC CITATION:  2001 FED App. 0108P (6th Cir.)
File Name:  01a0108p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

MICHAEL FRANKLIN, et al.,
        *Plaintiffs-Appellants,*

        *v.*                                    No. 00-3247

CITY OF KETTERING, OHIO,
        *Defendant-Appellee.*

Appeal from the United States District Court
for the Southern District of Ohio at Dayton.
No. 98-00349—Michael R. Merz, Magistrate Judge.

Argued:  March 13, 2001

Decided and Filed:  April 11, 2001

Before:  KENNEDY and SUHRHEINRICH,\* Circuit
Judges; GAUGHAN, District Judge.

_____

**COUNSEL**

**ARGUED:**  Diana S. Brown, LOGOTHETIS, PENCE & DOLL, Dayton, Ohio, for Appellants.  John W. Fischer, DENLINGER, ROSENTHAL & GREENBERG, Cincinnati,

_____

\*The Honorable Patricia A. Gaughan, United States District Judge for the Northern District of Ohio, sitting by designation.

1

Ohio, for Appellee.  **ON BRIEF:** Diana S. Brown, Susan D. Jansen, LOGOTHETIS, PENCE & DOLL, Dayton, Ohio, for Appellants. John W. Fischer, DENLINGER, ROSENTHAL & GREENBERG, Cincinnati, Ohio, David L. Eubank, CITY OF KETTERING, Kettering, Ohio, for Appellee.

_____

## OPINION

_____

KENNEDY, Circuit Judge.  Plaintiff-appellants are police patrol officers of defendant city of Kettering, Ohio. Plaintiffs brought this action asserting that they are entitled to unpaid overtime compensation under the Fair Labor Standards Act (FLSA).  On cross motions for summary judgment, the district court granted defendant's motion.   For the reasons stated below, we affirm the judgment of the magistrate judge granting summary judgment to defendant.

## I.

Defendant city of Kettering employs sixty-three police patrol officers.  In 1970, Kettering recognized the Fraternal Order of Police (FOP) as the collective bargaining representative of the police patrol officers.  Kettering and FOP have negotiated a series of collective bargaining agreements, including the collective bargaining agreement (CBA) effective from July 21, 1997 through March 5, 2000, covering the time relevant to this case.

Under the terms of the CBA, Kettering pays the officers an hourly wage for regular hours.  The officers receive a shift differential of an additional eighty cents ($.80) per hour for hours worked between 3:00 p.m. and 8:00 a.m. on a shift in which at least half the hours are within that timeframe.  The officers also receive a weekend differential of an additional ten cents ($.10) per hour for hours worked on Saturdays or Sundays. Officers receive an additional one dollar ($1.00) per hour for each hour of their shift for which they are designated to serve as officer-in-charge.  The CBA also provides terms

days, the Eleventh Circuit held that to establish a § 7(k) work period, the public employer need not change its compensation or scheduling practices from whatever they were under the standard forty hour workweek governed by § 7(a) of the FLSA. *Lamon v. City of Shawnee*, 972 F.2d 1145, 1151 (11th Cir. 1992).  The purpose of the regularly recurring, twenty-eight day maximum work period in § 7(k) is to ensure that employers neither continually change the length or start of the work period in an attempt to avoid overtime pay, nor set such a long period that overtime hours are always cancelled out. The work period limitations are intended to regulate overtime compensation.  Nothing in the statute or regulations indicates that duty cycles of officers need have any correlation to that work period.

In addition, defendant was not required to establish a work period under the statute which corresponded to the forty hour work period in the collective bargaining agreement.  The FLSA and the collective bargaining agreement impose different overtime standards.  Section 7(h) of the FLSA, 29 U.S.C. § 207(h), provides that overtime compensation paid under a collective bargaining agreement is credited toward any overtime compensation due under the FLSA.  Plaintiffs have offered no persuasive authority for the proposition that the "work period" established under the FLSA is limited in any way by the terms of the collective bargaining agreements or the actual duty cycles of the patrol officers.

Plaintiffs also argue that defendant has not met its burden of proving that it affirmatively adopted an alternative twenty-eight day work period, and that, therefore, the period is not valid.  Defendant has offered testimony that it adopted the twenty-eight day period in 1986 and informed the FOP and patrol officers of the new twenty-eight day work period at that time. (J.A. 64.)  Additional evidence shows that the patrol officers were aware of the work period.  For example, in 1995, the patrol officers entered into an agreements with the city regarding the compensation paid to canine officers which referenced the twenty-eight day work period.  Defendant has sufficiently demonstrated that it explicitly adopted an

the independent duty cycles of the officers. By stating that the work period "need not coincide" with the duty cycle or pay periods, the regulation provides that there need be no relationship between the work period and the duty cycle. A constant-length work period of between seven and twenty-eight days must be applied to the normal work patterns of the employee, and defendant has satisfied that requirement. Under the regulations, defendant was not required to establish a work period that matched the duty cycle of the officers.

Plaintiffs cite several cases in support of their position, but in each of the cases cited, the length of the established "work period" under the statute matched the recurring duty cycle of the employees or was cleanly divisible by it. Thus those courts were not asked to consider the present question. *See McGrath v. City of Philadelphia*, 864 F. Supp. 466, (E.D. Pa. 1994) (involving the city's claim that it had adopted an alternate work period of thirteen days where the duty cycle of officers repeated every thirteen days); *Birdwell v. City of Gadsden*, 970 F.2d 802 (11th Cir. 1992) (reviewing a city's claim that it had established an alternate work period of seven days under the statute in a case where the duty cycle of officers repeated every seven days); *Jerzak v. City of South Bend*, 996 F. Supp. 840 (N.D. Ind. 1998) (holding that city properly established a twenty-seven day work period where officers worked a nine day duty cycle). In a more relevant case, the district court for the Northern District of Georgia, relying on an Eleventh Circuit opinion, upheld a fourteen day work period where the normal duty cycle of the employees was six days. *Sanders Lodge No. 13, Fraternal Order of Police v. City of Smyrna*, 862 F. Supp. 351, 357 (N.D.Ga. 1994) (citing *Avery v. City of Talladega*, 24 F.3d 1337 (11th Cir. 1994)). Plaintiffs here argue that the city cannot establish a twenty-eight day work period because the duty cycles of six weeks exceed the twenty-eight day maximum in the statute. Plaintiffs cite no relevant authority for the distinction they wish to make and offer no logical reason for imposing such a duty cycle limitation on public employers who wish to invoke § 7(k). Upholding the adoption of a twenty-eight day work period in a case in which the duty cycle was also twenty-eight

for overtime payment. Kettering pays the officers one and a half times their straight hourly pay rate for any hours worked in excess of forty hours per week and for any time worked beyond the officer's normal work day. In calculating an officer's compensation, Kettering multiplies the number of straight time hours by the officer's hourly rate. Kettering multiples the number of overtime hours worked by one and a half times the officer's hourly rate. Then Kettering multiplies the number of straight time hours by any applicable differentials. The city does not include the shift or weekend differentials in the regular rate of pay when calculating overtime compensation, nor does it multiply the number of overtime hours by any applicable differential.

Kettering's police officers operate on a duty schedule that repeats every six weeks. Each officer works six days on, two days off, and has four days off every sixth week. The officers are divided among six different scheduling groups (A-F), each of which maintains this same schedule but starts the repeating six week cycle on a different week.

In 1986, Kettering and other public employers became subject to the overtime provisions of the FLSA.[1] The FLSA requires an employer to pay its employees at a rate of one and a half times their normal rate for any hours worked in excess of the maximum hours standard applicable to them under the statute. 29 U.S.C. § 207. For most employees, the maximum hours standard under the statute is forty hours per week. Section 7(k) of the FLSA, however, establishes an exception for public employers who employ law enforcement personnel. The statutory exemption allows qualifying public employers to define a "work period" longer than the standard forty hours,

---

[1] In 1985, the Supreme Court decided *Garcia v. San Antonio Metropolitan Transportation Authority*, 469 U.S. 528 (1985), holding that the FLSA was applicable to municipalities and other public employers. In response, Congress passed the Fair Labor Standards Act of 1985, Pub. L. 99-150, which amended the FLSA to address some of the situations unique to public sector employment and delayed the application of the FLSA to state and local governments until April 1986.

which may range from seven to twenty-eight days. 29 U.S.C. § 207(k). After adopting such an alternative work period, government employers must pay overtime compensation in accordance with the Department of Labor overtime regulations. For example, the applicable maximum hours standard for a seven day work period is forty-three (43) hours, and the standard for a twenty-eight day period is one hundred and seventy-one (171) hours. 29 C.F.R. § 553.230(c) (table). In addition, the regulations specify that the base regular rate used to calculate the overtime rate should include extra compensation premiums like the shift and weekend differentials. 29 C.F.R. §§ 778.108, 778.207(b). Kettering states that, beginning in April 1986, it established twenty-eight day work periods for its police patrol officers under FLSA § 7(k).

Both parties agree that defendant has paid plaintiffs in accordance with the terms of the CBA. Plaintiffs allege, however, that they did not receive compensation due to them under the FLSA because defendant failed to include any pay differentials in calculating the standard pay rate which is then used to calculate the overtime rate. Defendant does not dispute that it never included pay differentials in the calculation to arrive at the overtime rate. Defendant argues, rather, that it is not required to do so because it has taken advantage of the § 7(k) statutory exemption and established a twenty-eight day work period. By paying plaintiffs in accordance with the terms of the CBA (namely, that overtime is paid for any hours worked over forty hours a week), defendant argues that, even without including the pay differentials, it has always exceeded the compensation required for a twenty-eight day work period under the FLSA. Defendant has offered evidence to show the periodic calculations it performed to ensure that its payments equaled or exceeded compensation required with a twenty-eight day work period under the FLSA. (Affidavits of Strader, Weghorst, J.A. 31, 36, 63.) Plaintiffs respond by alleging that defendant did not successfully establish a twenty-eight day "work period" under the statute and thus cannot claim the benefit of it. As the district court correctly summarized, the

dispute between these parties boils down to whether defendant successfully established a twenty-eight day work period under the statute.

## II.

Plaintiffs argue that defendant could not establish a twenty-eight day "work period" under FLSA § 7(k), 29 U.S.C. § 207(k), because it is undisputed that the officers' regular duty schedule repeated on a forty-two day cycle. In short, plaintiffs claim that Kettering cannot establish a "work period" of twenty-eight days for purposes of compensation under the FLSA because that period cannot coincide with the forty-two day actual duty schedules.

The Department of Labor regulations explicitly rebut plaintiffs' argument. The regulations define "work period" as follows:

> As used in section 7(k), the term "work period" refers to any established and regularly recurring period of work which, under the terms of the Act and legislative history, cannot be less than 7 consecutive days nor more than 28 consecutive days. Except for this limitation, the work period can be of any length, and it need not coincide with the duty cycle or pay period or with a particular day of the week or hour of the day. Once the beginning and ending time of an employee's work period is established, however, it remains fixed regardless of how many hours are worked within the period. The beginning and ending of the work period may be changed, provided that the change is intended to be permanent and is not designed to evade the overtime compensation requirements of the Act.

29 C.F.R. § 553.224(a). Plaintiffs argue that in the present case, the work period is not "regularly recurring" within twenty-eight days because it actually takes twelve weeks of the six week duty cycle before the same twenty-eight day work pattern recurs. Plaintiffs confuse the "work period" under the statute for purposes of overtime compensation with