# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00805-CV

**Devvy Kidd, Appellant**

**v.**

**Carlos Cascos, Texas Secretary of State, Appellee**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
### NO. D-1-GN-14-003900, HONORABLE GUS J. STRAUSS, JR., JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Devvy Kidd appeals the trial court's order granting the motion to dismiss under Rule 91a filed by Carlos Cascos, Texas Secretary of State.[1]  *See* Tex. R. Civ. P. 91a.  Kidd filed a Request for Writ of Prohibition and Injunction (petition) seeking a declaration that the Seventeenth Amendment to the United States Constitution has not been constitutionally ratified and that Cascos's actions pursuant to its terms are null, void, and illegal.  Kidd also sought an injunction prohibiting Cascos from performing any acts pursuant to the terms of the Seventeenth Amendment.  Cascos filed a motion to dismiss under Rule 91a, which the trial court granted.  We affirm the trial court's order.

---

[1] At the time Kidd filed suit, Nandita Berry was serving as Texas Secretary of State and was the named defendant.  Pursuant to Rule 7.2(a), Carlos Cascos, as her successor, has been designated as appellee.  *See* Tex. R. App. P. 7.2(a).

**BACKGROUND**

This suit arises out of Kidd's contention that the 1913 proclamation certifying ratification by the states of the Seventeenth Amendment to the U.S. Constitution, which provides for direct election of senators, was "false, fraudulent, constitutionally inadequate and invalid, and insufficient to make the Seventeenth Amendment part of the U.S. Constitution" and that the Seventeenth Amendment therefore "does not exist." Kidd maintains that there were "serious and gross errors" in the adoption of the Seventeenth Amendment based on her review of "historical records" dating back more than 100 years. According to Kidd, any actions taken in connection with electing U.S. Senators by popular vote are "null, void, and illegal," and Cascos should be enjoined from performing any act related to the election of any U.S. Senator pursuant to the terms of the Seventeenth Amendment.[2]

The Seventeenth Amendment to the U.S. Constitution provides for the election of U.S. Senators by popular vote. Specifically, the Amendment states:

> The Senate of the United States shall be composed of two Senators from each State, elected by the people thereof, for six years; and each Senator shall have one vote. The electors in each State shall have the qualifications requisite for electors of the most numerous branch of the State legislatures.

> When vacancies happen in the representation of any State in the Senate, the executive authority of such State shall issue writs of election to fill such vacancies: *Provided*, That the legislature of any State may empower the executive thereof to make temporary appointments until the people fill the vacancies by election as the legislature may direct.

---

[2] Cascos's actions with respect to senatorial elections consist of certifying nominated, independent, and write-in candidates for inclusion on the ballot. *See* Tex. Elec. Code §§ 142.010(a), 146.029(a), 161.008(a).

> This amendment shall not be so construed as to affect the election or term of any Senator chosen before it becomes valid as part of the Constitution.

U.S. Const. amend. XVII.[3]  The Seventeenth Amendment was adopted by the U.S. Senate on June 12, 1911, *see* 47 Cong. Rec. 1925 (1911), and by the U.S. House of Representatives on May 13, 1912, *see* 48 Cong. Rec. 6367 (1912).  On May 17, 1912, the Secretary of the Department of State sent to the governors of all 48 states a certified copy of the "Joint Resolution Proposing an amendment to the Constitution providing that Senators shall be elected by the people of the several states" for ratification by the state legislatures.  *See* U.S. Const. art. V (providing for ratification of amendments by either state legislatures of three-fourths of states or conventions in three-fourths of states); 37 Stat. 646 (1912) (joint resolution).  On May 31, 1913, Secretary of State William Jennings Bryan certified to Congress, in accordance with his statutory duty,[4] that three-quarters of the states—36 states—had ratified the proposed amendment and declared that the Seventeenth Amendment was "valid to all intents and purposes as a part of the Constitution of the United States."  *See* 38 Stat. 2049, 2049–50 (proclamation).  President Woodrow Wilson signed the amendment into law on May 31, 1914.  Since the ratification of the Seventeenth Amendment, states have been required to hold elections "so that the people may select their senators by popular vote."

---

[3]  Prior to the ratification of the Seventeenth Amendment, U.S. Senators were selected by state legislatures.  U.S. Const. art. I, § 3, cl. 1, *amended by* U.S. Const. amend. XVII; *see Voting Integrity Project, Inc. v. Keisling*, 259 F.3d 1169, 1171 (9th Cir. 2001).

[4]  *See* Act of Apr. 20, 1818, ch. 80, § 2, Rev. Stat. § 205 (2d ed. 1878) (current version, as amended, at 1 U.S.C. § 106b (2012)) (section 205) (upon notice provided to Secretary of State that constitutional amendment has been adopted, Secretary of State shall cause amendment "to be published in the  newspapers authorized to promulgate the laws, with his certificate, specifying the states by which the same may have been adopted, and that the same has become valid, to all intents and purposes, as a part of the constitution of the United States").

Zachary D. Clopton & Steven E. Art, *The Meaning of the Seventeenth Amendment and a Century of State Defiance*, 107 Nw. U. L. Rev. 1181, 1185 (2013).

In September 2014, Kidd filed her petition requesting declarations that the Seventeenth Amendment "has not been constitutionally ratified and made a part of [the U.S. Constitution]" and that Cascos's actions pursuant to it are "null, void, and illegal." Kidd also sought an injunction barring Cascos from "performing any act related to elections of any Senator pursuant to the terms of this 'non-amendment.'" Cascos filed an Original Answer, Affirmative Defenses, Motion to Dismiss under Rule 91a, and in the Alternative, Plea to the Jurisdiction and Special Exceptions. In the Rule 91a motion, Cascos asserted that Kidd failed to state any plausible legal claim upon which relief could be granted. *See* Tex. R. Civ. P. 91a.1. Kidd filed a response, and the trial court held a hearing on the Rule 91a motion only. The trial court granted the Rule 91a motion without reaching Cascos's alternative plea to the jurisdiction. This appeal followed.

## APPLICABLE LAW AND STANDARD OF REVIEW

Rule 91a provides that a party may move to dismiss a cause of action on the ground that it has no basis in law or fact. *Id.* "A cause of action has no basis in law if the allegations, taken as true, together with inferences reasonably drawn from them, do not entitle the claimant to the relief sought." *Id.* The court may not consider evidence when ruling on a Rule 91a motion; instead, the ruling must be based only on the pleading of the cause of action and any supporting exhibits. *Id.* R. 91a.6. We review a trial court's ruling on a motion to dismiss de novo. *Wooley v. Schaffer*, 447 S.W.3d 71, 76 (Tex. App.—Houston [14th Dist.] 2014, pet. denied); *GoDaddy.com, LLC v. Toups*, 429 S.W.3d 752, 754 (Tex. App.—Beaumont 2014, pet. denied). We base our review on

4

the allegations of the live petition and any attachments, and we accept as true the factual allegations. *Wooley*, 447 S.W.3d at 76.

Rule 91a is analogous to Federal Rule of Civil Procedure 12(b)(6), which "allows dismissal if a plaintiff fails 'to state a claim upon which relief can be granted[.]'" *GoDaddy.com*, 429 S.W.3d at 754 (quoting Fed. R. Civ. P. 12(b)(6)); *accord Wooley*, 447 S.W.3d at 76. Because of these similarities, federal case law interpreting Federal Rule 12(b)(6) is instructive to courts considering Rule 91a motions. *Wooley*, 447 S.W.3d at 76. A claim must be dismissed under Federal Rule 12(b)(6) if all the plaintiff's allegations are taken as true and the petition fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007); *GoDaddy.com*, 429 S.W.3d at 754 (quoting *Twombly*). Courts are not bound to accept as true a plaintiff's legal conclusions. *Twombly*, 550 U.S. at 555; *see City of Austin v. Liberty Mut. Ins.*, 431 S.W.3d 817, 826 (Tex. App.—Austin 2014, no pet.) (in evaluating sufficiency of pleadings, courts need not take legal conclusions as true). "[T]he purpose of Rule12(b)(6) is to 'streamline litigation by dispensing with needless discovery and factfinding.'" *Ghaffari v. Wells Fargo Bank NA*, __ Fed. Appx. __, No. 14-4794, 2015 U.S. App. LEXIS 12545, at *5 (3d Cir. July 21, 2015) (per curiam) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989)).

## DISCUSSION

In a single issue, Kidd contends that the trial court erred in granting Cascos's Rule 91a motion because she stated a valid claim for relief. In her petition, Kidd alleged that the Seventeenth Amendment has not been constitutionally ratified and made a part of the U.S. Constitution, so that Cascos's actions pursuant to it are void and future actions should be

5

enjoined. Her contentions are based on her review of documents maintained by the National Archives and Records Administration, copies of which were attached to her petition. They include the joint resolution of Congress adopting the Seventeenth Amendment, correspondence between the Secretary of State's office and state governors, Secretary of State Bryan's proclamation certifying the ratification of the Seventeenth Amendment, and certain states' legislative journals. According to Kidd, these records show that neither Wisconsin nor California ratified the Seventeenth Amendment. Kidd argues that the records show that although Wisconsin voted on the amendment, its resolution amended the first paragraph of the joint resolution and omitted the second paragraph. Relying on case law concerning state court invalidation of state legislation when there are material differences between the bill adopted by one legislative body and that adopted by the other, Kidd urges that "at least the same or a more stringent standard is required in the adoption of a constitutional amendment." Because Wisconsin substantially modified the joint resolution, Kidd concludes, it did not ratify the Seventeenth Amendment. Concerning ratification by California, Kidd argues that although Secretary of State Bryan certified that California was among the states ratifying the amendment, no vote of the California Legislature on the Seventeenth Amendment is reflected in the legislative journal or reported in any newspaper. Kidd thus infers that California did not vote to ratify the Seventeenth Amendment. Consequently, she contends, when President Wilson signed it into law, the number of states ratifying the amendment fell short of the required three-fourths of the states, or 36 states, and the Seventeenth Amendment is "a law that doesn't exist."

As an initial matter, we observe that a memorandum from the Officer of the Solicitor of the Department of State dated May 10, 1913, states that Wisconsin initially passed a resolution

6

substantially different from the joint resolution, that the Department informed the Wisconsin governor, and that the legislature then passed a second resolution identical to the joint resolution. The same memo not only indicates that California passed a resolution but also lists specific capitalization and punctuation errors contained in its resolution.[5]

In any event, even taking Kidd's allegations as true, we nonetheless conclude that she has not stated a claim that is "plausible on its face" and would entitle her to the relief sought. *See* Tex. R. Civ. P. 91a.1; *Twombly*, 550 U.S. at 570. As Cascos points out, once the Seventeenth Amendment was ratified, it became part of the U.S. Constitution and the "supreme Law of the Land," *see* U.S. Const. arts. V, VI, cl. 2, and since 1913, the U.S. Supreme Court and lower federal courts have interpreted and applied the Seventeenth Amendment on numerous occasions, *see, e.g.*, *Tashjian v. Republican Party of Conn.*, 479 U.S. 208, 227 (1986) (Seventeenth Amendment applies to primaries in same manner as general elections); *Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528, 554 (1985), *superseded by statute on other grounds*, as recognized in *Franklin v. City of Kettering*, 246 F.3d 531, 534 n.1 (6th Cir. 2001) ("[C]hanges in the structure of the Federal Government have taken place since 1789, not the least of which has been the substitution of popular election of Senators by the adoption of the Seventeenth Amendment in 1913 . . . ."); *Gray v. Sanders*, 372 U.S. 368, 380–81 (1963) (Seventeenth Amendment states that choice of U.S. Senators "be made 'by the people,'" and "conception of political equality" in Seventeenth Amendment and other constitutional provisions "can mean only one thing—one person, one vote");

---

[5] The Solicitor observed that all of the resolutions of the legislatures ratifying the proposed amendment contained capitalization and punctuation errors that were merely typographical, not substantial, and did not defeat the intention of the legislatures to ratify the amendment.

*Judge v. Quinn*, 624 F.3d 352, 358 (7th Cir. 2010) (Seventeenth Amendment supplies "concrete rule" requiring election to fill senate vacancy); *Risser v. Thompson*, 930 F.2d 549, 551 (7th Cir. 1991) (observing that Seventeenth Amendment superseded Article I, section 3, clause 1 of U.S. Constitution). Thus, the Supreme Court and lower federal courts have consistently recognized the Seventeenth Amendment and upheld its requirement that U.S. Senators be elected by popular vote.

Further, the U.S. Supreme Court has rejected after-the-fact challenges to ratification procedures in challenges to other amendments. In *Leser v. Garnett*, the Supreme Court held that the Secretary of State's certification that state legislatures have ratified a constitutional amendment is "conclusive upon the courts." *See* 258 U.S. 130, 137 (1922) (rejecting challenge to validity of ratification of Nineteenth Amendment); *see also Coleman v. Miller*, 307 U.S. 433, 439–40 (1939) (discussing *Leser* and explaining that ratification was upheld because duly authenticated official notice to secretary of state of state legislatures' ratifications was conclusive upon secretary and secretary's proclamation was conclusive upon courts). Lower federal and state courts have likewise rejected similar procedural challenges to the Seventeenth Amendment. *See, e.g.*, *United States v. Stahl*, 792 F.2d 1438, 1439 (9th Cir. 1986) (citing *Leser* and holding that secretary of state's certification of adoption of Sixteenth Amendment was conclusive upon courts); *United States v. Carrier*, 944 F.2d 910, 1991 U.S. App. LEXIS 22610, at *3 (9th Cir. Sept. 24, 1991) (mem. op.) (not designated for publication) (dismissing as frivolous defendant's argument that the Seventeenth Amendment was invalid because it was proposed by Congress and adopted by state legislatures through quorum votes rather than total membership votes); *Trohimovich v. Department of Labor*

8

& *Indus.*, 869 P.2d 95, 97–98 (Wash. Ct. App. 1994) (rejecting argument that Seventeenth Amendment was not properly ratified because resolution was proposed by majority of quorum votes of each house of Congress rather than by majority of total membership of each house and concluding that Amendment "is valid and does not render all congressional acts since its passage invalid").

Kidd acknowledges that "federal courts have held that proclamations like Secretary Bryan's issued pursuant to Revised Statutes § 205 are conclusive" and that "§ 205 has been construed to preclude impeachment of such proclamations." Nonetheless, citing Texas cases holding unconstitutional statutory irrebuttable presumptions implicating notice and other due process concerns, she argues that "conclusive presumptions are unconstitutional, at least in [the case of Bryan's proclamation]." In essence, Kidd asks this Court to contravene the United States Supreme Court's decision that a secretary of state's proclamation certifying ratification of a constitutional amendment is conclusive based on the premise that Texas law disfavors conclusive presumptions that violate due process. Even were we inclined to do so, which we are not, the United States Supreme Court is the highest court in the land, and its decisions are not subject to review by this Court or the trial court. *See* U.S. Const. art. III; *Poling v. Baltimore & Ohio R.R. Co.*, 166 F. Supp. 710, 721 (N.D. W. Va. 1958) ("It is incumbent upon this Court to follow the latest pronouncement of the highest court in the land."); *see also* U.S. Courts, Court Role and Structure, available at http://www.uscourts.gov/about-federal-courts/court-role-and-structure (last visited December 21, 2015). The United States Supreme Court has held that under articles III and VI, clause 2 of the United States Constitution, federal courts have the final say in all cases involving the U.S. Constitution, and states cannot interfere with judgments of federal courts. *See Ableman*

9

*v. Booth*, 62 U.S. 506, 517–21 (1859); U.S. Const. arts. III (establishing U.S. Supreme Court and lower federal courts), VI, cl. 2 (Supremacy Clause). In light of the U.S. Supreme court's holding in *Leser* that the U.S. Secretary of State's proclamation certifying ratification is conclusive upon the courts, and considering U.S. Supreme Court and lower federal court precedent upholding the ratification of and applying the Seventeenth Amendment in decisions spanning more than 100 years, a Texas court may not now hold that it was not validly ratified, and the trial court did not err in granting Cascos's Rule 91a motion to dismiss. *See Leser*, 258 U.S. at 137; *United States v. Sitka*, 845 F.2d 43, 47 (2d Cir. 1988) (given judiciary's consistent application of Sixteenth Amendment for more than 75 years and U.S. Secretary of State's certification that sufficient number of states ratified amendment, validity of ratification process and of Sixteenth Amendment are no longer open questions). We overrule Kidd's sole issue.[6]

## CONCLUSION

We affirm the trial court's order granting Cascos's Rule 91a motion to dismiss.

_____
Melissa Goodwin, Justice

Before Justices Puryear, Goodwin, and Bourland

Affirmed

Filed: December 22, 2015

_____

[6] In her briefing, Kidd also asserts arguments concerning her taxpayer standing and Cascos's sovereign immunity, issues that were raised in Cascos's alternative plea to the jurisdiction. The record reflects that because the trial court granted Cascos's Rule 91a motion, it did not reach the alternative plea to the jurisdiction, and these issues are therefore not before us in this appeal.

10